575 So.2d 892 (1991)
STATE of Louisiana, Appellee,
v.
Evans PAGE, Jr., Appellant.
No. 22,486-KA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1991.
*893 Wellborn Jack, Jr., Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Liddell Smith, Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before SEXTON, LINDSAY and BROWN, JJ.
PER CURIAM.
The defendant, Evans Page, Jr., age 39, was charged with possession of cocaine with intent to distribute, a violation of LSA-R.S. 40:967A(1), and felony illegal possession of stolen things, a violation of LSA-R.S. 14:69. Pursuant to a plea agreement, the defendant pled guilty to attempted possession of cocaine with intent to distribute, and the illegal possession of stolen things charge was dismissed. The defendant was sentenced to three years at hard labor, which sentence he appeals as excessive. Finding no merit to this sole assignment of error, we affirm.
On May 9, 1989, following a confidential informant's purchase of cocaine at a grocery store at 1504 Ford Street in Shreveport, law enforcement officials executed a search warrant at the store. Seized from inside a desk in the store's office were 119 individually wrapped bags of cocaine. When the officers entered the store's office, the defendant, who leased the premises and operated the store, had been seated at the desk where the drugs were found. Three handguns were also found during the search. Additionally, a stolen semiautomatic pistol was recovered from the defendant's jeep after a search to which the defendant consented.
The trial court's compliance with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 is clear. Following consideration of a presentence investigation report and a lengthy sentencing hearing, the trial court gave its reasons for the three-year *894 hard labor sentence. The trial court specifically listed each of the Art. 894.1 factors and articulated its findings as to each factor.
The defendant complains that the sentence was not individualized to him but, rather, was imposed because of the trial court's "perception of the pervasiveness and the damage being done by drugs and major drug dealers in the community."
As we have already noted, the trial court extensively articulated the sentence in a thorough review of the factors of LSA-C. Cr.P. Art. 894.1. In so doing, the trial court considered a number of mitigating factors, including that the defendant is a first felony offender. His only arrests have resulted in a dismissed charge of possession of marijuana and a finding of not guilty on charges of conspiracy to distribute Schedule II controlled dangerous substances and possession of narcotic paraphernalia.
Along with these mitigating factors, the trial court considered a number of other factors including the seriousness of drug offenses and the question of whether the defendant was a major drug dealer.[1]
In this regard, it should be emphasized that it is not improper for the trial court to take into account public concerns in imposing a sentence as well as the threat of harm to society of controlled dangerous substances as long as the sentence is particularized to the defendant. State v. Daley, 459 So.2d 66 (La.App.2d Cir.1984), writ denied, 462 So.2d 1264 (La.1985). It should further be emphasized that the sentence imposed is only six months longer than the minimum sentence for the offense to which the defendant pled. In accepting this plea, the defendant avoided a minimum sentence of five years and a maximum of 30 on the original charge, as well as exposure on the illegal possession of stolen things charge which was dismissed. Considering that the defendant had 119 bags of cocaine apparently for sale at a business establishment, the offense to which he pled does not appear to accurately describe his criminal conduct. In other words, the defendant has received a term which is two years less than the minimum sentence for the crime he actually committed.
Where the legislature has imposed a minimum penalty, even though not requiring that the sentence be imposed without the benefit of probation or parole, it can be strongly argued that the legislature has indicated an intention that a suspended sentence is appropriate only in an unusual case.[2]
In light of the favorable plea agreement, the fact that at age 39 the defendant is not a youthful offender, and the defendant's significant involvement with cocaine, we have no difficulty determining that the sentence imposed was not an abuse of discretion and is not excessive. Accordingly, it is affirmed.
AFFIRMED.
NOTES
[1] The court concluded that it did not know whether or not the defendant was a major dealer due to the nature of the cocaine traffic in Shreveport.
[2] While the return on the search warrant filed for the state's discovery response indicates that the substance at issue was 119 "rocks of crack cocaine," we were unable to determine the specific total weight of the cocaine from the record. However, if this quantity had amounted to 28 grams or more, the defendant would have been subjected to a minimum sentence of at least five years without benefit of parole, probation, or suspension of sentence. LSA-R.S. 40:967 F(1)(a) and G.