DREW, J.
 

 l iFernundo Thornton was charged with possession of cocaine, a violation of La. R.S. 40:967(C), along with three misdemeanors. In exchange for the defendant pleading guilty as charged on the one felony count, and for testifying against the codefendants in the case, the state agreed:
 

 • to dismiss the defendant’s other pending charges;
 

 • to refrain from filing a multiple offender bill against him; and
 

 • to recommend that the court order a presentence investigation report on the defendant before sentencing.
 

 The defendant, a third felony offender, was sentenced to four years at hard labor. A timely motion to reconsider sentence, alleging the excessiveness of sentence, was denied. The defendant appeals, alleging excessiveness. We affirm.
 

 Our law is well settled as to review of allegedly excessive sentences.
 
 [1]
 

 
 *832
 
 |2On December 14, 2007, the defendant, along with two codefendants, was found in possession of cocaine after a search by officers during a traffic stop. The defendant was apprehended, advised of his rights, and confessed to the possession of cocaine. He also told the officers where he had obtained the cocaine.
 

 Defendant pled guilty to one count of possession of cocaine on April 14, 2008. Several minor charges
 
 [2]
 
 were dismissed in exchange for the plea.
 

 The crime of possession of cocaine, a violation of La. R.S. 40:967(C), has a penalty range of imprisonment with or without hard labor for not more than five years. The court can also order the defendant to pay a fine not to exceed $5,000, plus the costs of court.
 

 At sentencing, the trial court exhibited minimal, but acceptable compliance with the sentencing factors of La. C. Cr. P. art. 894.1. The court determined that the defendant had a long history of criminal activity and that his criminal conduct was the result of circumstances likely to recur.
 

 Prior to imposing sentence, the court discussed several factors listed in the pre-sentence investigation report. The court stated that:
 

 • the defendant was a third felony offender who had previously been convicted of two distribution of cocaine charges;
 

 • the defendant had previous convictions for misdemeanors and felonies, as well as a criminal adjudication when he was a juvenile; and
 

 la* the defendant failed to provide proof that he attended at least two substance abuse meetings per week, and to provide proof of his attendance when he returned for his sentencing.
 
 [3]
 

 Based on the record, we find that the court’s four-year hard labor sentence is measured and appropriate. It is certainly not excessive. Though the defendant’s prior criminal record is atrocious, the most telling factor about this defendant is that, as a condition of his post-conviction bond, the court ordered him to attend substance abuse meetings and to provide at sentencing written evidence of this attendance. The fact that the defendant failed to provide any of the requisite evidence at his sentencing hearing speaks volumes about his attitude toward court orders. He is not eligible for probation, and clearly not a
 
 *833
 
 good candidate for parole, considering his revocation of parole on other charges. We do not find the four-year sentence imposed by the trial court to be grossly disproportionate to the severity of the offense, nor is it shocking to our sense of justice.
 

 The defendant’s conviction and sentence are AFFIRMED.
 

 [1]
 

 . The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Landos,
 
 419 So.2d 475 (La.1982);
 
 State v. Hampton,
 
 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284,
 
 writs denied,
 
 2004-0834
 
 *832
 
 (La.3/11/05), 896 So.2d 57,
 
 and
 
 2004-2380 (La. 6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir. 12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La. 1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La. 1/15/02), 805 So.2d 166;
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379.
 

 [2]
 

 . Three misdemeanor charges were dismissed: driving under suspension, no license plate light, and possession of drug paraphernalia.
 

 [3]
 

 . Seventy-five days later, on the date of his sentencing, the defendant had no proof of attending the first AA or NA meeting.