WALTER J. ROTHSCHILD, Judge.
 

 | .¿Defendant, Allen Wolff, was charged with possession of cocaine in violation of LSA-R.S. 40:967(C). He pled not guilty and filed several pre-trial motions, including a motion to suppress the evidence, which was denied after a hearing. Defendant proceeded to trial on June 18, 2008,
 
 *900
 
 and a six-person jury found him guilty as charged. The trial court subsequently sentenced defendant to four years at hard labor.
 

 Defendant timely appeals.
 
 [1]
 

 ^Testimony and evidence presented at trial reveals the following:
 

 At approximately 10:00 a.m. on September 13, 2006, Jefferson Parish Sheriffs Deputy Kevin Balser was on routine patrol in a marked unit when he noticed a white Dodge van parked in front of a house on South Cumberland Street in Metairie. Deputy Balser explained that the house was the target of numerous citizen complaints of drug activity. As Deputy Balser passed, he saw a man approach the driver’s side of the van and reach into his pocket. Deputy Balser believed a drug transaction was about to occur but kept driving. He drove one to two blocks over, parked and then saw the white van driving on Milan. Deputy Balser followed the van for approximately three blocks and, by pacing the van, determined it was driving 30 mph in a 20 mph residential area. He then stopped the van for speeding.
 

 Deputy Balser approached the driver’s side of the van and observed defendant leaning to the left side. He could not see defendant’s left hand and, thus, asked defendant to place his hands in view because he was concerned defendant may have had a weapon. When defendant brought his hand into view, Deputy Balser saw defendant discard a white tissue paper. He asked defendant for his driver’s license, registration and proof of insurance and asked him to exit the vehicle.
 

 When defendant exited the van, Deputy Balser saw three off-white rock-like objects consistent with crack cocaine and a glass cylinder crack pipe on the floorboard between the driver’s side seat and passenger’s seat. Deputy Balser handcuffed defendant and advised him of his Miranda
 
 [2]
 
 rights. Defendant first indicated he was in the area picking up a friend for construction work, but then |4later stated he was in the area under the direction of a friend to purchase illegal narcotics.
 

 Deputy Balser conducted a field test of the rocks, which tested positive for cocaine. Subsequent laboratory tests confirmed the rocks were positive for cocaine.
 

 By this appeal, defendant first argues the trial court erred in denying his motion to suppress on the basis the traffic stop was pretextual. He challenges the credibility of Deputy Balser’s testimony regarding the circumstances surrounding the stop and seizure of evidence. He claims the officer gave inconsistent testimony at the suppression hearing and the trial
 
 *901
 
 thereby damaging his credibility. As such, defendant questions the credibility of the officer’s testimony regarding whether he was speeding because the officer stated his intention was to create an encounter with defendant. Defendant maintains the stop was illegal and, therefore, the evidence should have been suppressed. He also claims the statements he made after his arrest should have been suppressed as fruit of the poisonous tree.
 

 The State responds defendant was properly stopped for a traffic violation. The State contends that even if the traffic stop was a pretext for a narcotics search, the pretext is inconsequential because the stop was justified by the traffic violation. The State maintains the officer saw the cocaine and crack pipe in plain view on the floorboard of the vehicle when defendant exited.
 

 The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. If evidence is derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial.
 
 State v. Leonard,
 
 06-361, p. 4 (La.App. 5 Cir. 10/31/06), 945 So.2d 764, 765. Warrantless searches and seizures are per se [.^unreasonable unless justified by one of the exceptions to the warrant requirement.
 
 Id.
 

 In a hearing on a motion to suppress, the State bears the burden of proof in establishing the admissibility of evidence seized without a warrant. LSA-C.Cr.P. art. 703(D). The trial court’s decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression.
 
 State v. Leonard, supra.
 
 To determine whether the trial court’s denial of the motion to suppress is correct, the appellate court may consider the evidence adduced at the suppression hearing as well as the evidence presented at trial.
 
 State v. Young,
 
 05-702, p. 8 (La.App. 5 Cir. 2/14/06), 938 So.2d 90, 96-97.
 

 The right of law enforcement officers to stop and interrogate those reasonably suspected of engaging in criminal activity is recognized by LSA-C.Cr.P. art. 215.1, as well as by State and federal jurisprudence.
 
 See, Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and
 
 State v. Belton,
 
 441 So.2d 1195, 1198 (La.1983),
 
 cert. denied,
 
 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Generally, “the decision to stop a vehicle is reasonable when the police have probable cause to believe a traffic violation has occurred.”
 
 State v. Waters,
 
 00-356, p. 4 (La.3/12/01), 780 So.2d 1053, 1056,
 
 quoting Whren v. United States,
 
 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). The standard is purely objective and does not take into consideration the subjective beliefs or expectations of the detaining officer.
 
 Id.
 

 In
 
 Whren v. United States,
 
 517 U.S. 806, 812-13, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996), the United States Supreme Court clearly stated that a traffic-violation arrest is not rendered invalid by the mere fact it was a pretext for a narcotics search. The Supreme Court explained that “the fact that the officer does |finot have the state of mind which is hypothe-cated by the reasons which provide the legal justification for the officer’s action does not invalidate the action as long as the circumstances, viewed objectively, justify that action.”
 
 Whren v. United States, supra, quoting Scott v. United States,
 
 436 U.S. 128, 136, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978). The Louisiana Supreme Court has stated that “[although they may serve, and may often appear intended to serve, as the prelude to the investigation of much more serious offenses, even relatively minor traffic viola
 
 *902
 
 tions provide an objective basis for lawfully detaining the vehicle and its occupants.”
 
 State v. Waters,
 
 00-356 at 4, 780 So.2d at 1056.
 

 At both the motion to suppress hearing and at trial, Officer Balser testified that he pulled defendant over because he was speeding. He explained that although he did not have a radar gun, he paced defendant by following behind him in his marked unit. He stated he wrote defendant a citation for traveling 30 mph in a 20 mph residential zone. Thus, without regard to Officer Balser’s subjective intent, defendant’s speeding above the posted limit gave the officer an objective probable cause basis to pull over the vehicle for a traffic violation.
 
 [3]
 

 See State v. Lopez,
 
 00-562, p. 3 (La.10/30/00), 772 So.2d 90, 92, and
 
 State v. Schnyder,
 
 08-1199, pp. 8-9 (La.App. 5 Cir. 3/24/09), 10 So.3d 303, 309.
 
 [4]
 

 Defendant contends that Officer Bal-ser’s testimony should not have been believed by the trial court. He first asserts Officer Balser testified differently at the suppression hearing than he did at trial. However, defendant fails to point to any inconsistencies between Officer Balser’s suppression hearing testimony and his |7trial testimony. A review of the record shows Officer Balser’s testimony at the adduced at trial than at the suppression hearing. However, there is nothing to support defendant’s contention that the motion to suppress hearing was based on “intentionally incomplete facts.”
 

 Defendant also asserts Officer Balser’s version of the facts was unbelievable. He maintains it is inconceivable that he would speed with a marked police unit behind him. He also points out that the traffic citation was not issued until 12 hours after defendant was stopped thereby demonstrating an attempt by Officer Balser to justify the initial stop. During the motion to suppress hearing, Officer Balser was shown the traffic citation he issued to defendant. He noted that the citation indicated it was issued at 10:32 p.m. However, his testimony shows the traffic stop occurred at 10:13 a.m. The traffic citation was never introduced into evidence either during the suppression hearing or at trial.
 

 The credibility of witnesses is best determined by the trial judge and is not to be disturbed on appeal unless the trial judge abuses his discretion.
 
 [5]
 

 State v. Neuman,
 
 01-1066, p. 7 (La.App. 5 Cir. 4/10/02), 817 So.2d 180, 184. There is nothing in the record that indicates the trial judge abused his discretion in crediting the testimony of Officer Balser.
 
 [6]
 
 While it is not unreasonable to believe the
 
 *903
 
 traffic citation contained an error regarding a.m. and p.m., it is unreasonable to conclude, on the basis of the written citation alone, that Officer Balser wrote the traffic Isrítation 12 hours after the initial stop simply to justify stopping defendant as suggested by defendant.
 

 The record indicates that the trial judge accepted Officer Balser’s testimony that defendant committed a traffic violation by speeding, which gave the officer lawful cause to stop defendant. Even assuming Officer Balser used the traffic stop as a pretext to stop defendant, the stop for a traffic violation was still lawful, as the constitutional reasonableness of a traffic stop does not depend on an individual officer’s subjective motivation.
 
 See Whren v. United States,
 
 517 U.S. at 813,116 S.Ct. at 1774.
 

 Following the lawful stop of defendant’s vehicle for the traffic violation, the officer was authorized to order defendant to exit his vehicle.
 
 State v. Smith,
 
 07-815, p. 5 (La.App. 5 Cir. 3/11/08), 982 So.2d 821, 825,
 
 writ denied,
 
 08-927 (La.11/14/08), 996 So.2d 1088. When defendant exited his vehicle, Officer Balser observed the rocks of crack cocaine in plain view on the floorboard. Under the plain view exception to the warrant requirement, if the police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant.
 
 Horton v. Cali-fomia,
 
 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990);
 
 State v. Walker,
 
 OS-188, p. 5 (La.App. 5 Cir. 7/29/03), 853 So.2d 61, 64,
 
 tvrit denied,
 
 03-2343 (La.2/6/04), 865 So.2d 738. Because the crack cocaine was in plain view, Officer Balser lawfully seized it.
 
 See State v. Walker, supra.
 
 Once Officer Balser discovered the rocks of crack cocaine in plain view on the floorboard of the vehicle defendant was driving, he had probable cause to arrest defendant.
 

 |c)Based on the foregoing, the trial court properly denied the motion to suppress the evidence and defendant’s statements given after his lawful arrest did not constitute fruit of the poisonous tree.
 

 Defendant next argues his near maximum sentence of four years at hard labor is excessive for simple possession of three rocks of cocaine. He points out that he was not armed when he was arrested and his one prior conviction, 18 years before the current offense, was not a violent one. He further maintains the trial court considered improper community factors in imposing sentence and, thus, failed to individualize his sentence. The State responds defendant’s four-year sentence is within the statutory guidelines and is not disproportionate to the harm caused by drug offenders.
 

 Defendant acknowledges that his counsel did not file a motion to reconsider sentence in the trial court below and failed to object to the sentence at the time of sentencing as required by LSA-C.Cr.P. art. 881.1.
 
 [7]
 
 The failure to file a motion to
 
 *904
 
 reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness.
 
 State v. Ragas,
 
 07-3, p. 10 (La.App. 5 Cir. 5/15/07), 960 So.2d 266, 272,
 
 writ denied,
 
 07-1440 (La.1/7/08), 973 So.2d 732,
 
 cert. denied,
 
 — U.S. -, 129 S.Ct. 55, 172 L.Ed.2d 56 (2008).
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness.
 
 State v. Smith,
 
 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 Id.
 
 A sentence is grossly | ipdisproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice.
 
 State v. Lawson,
 
 04-334, p. 6 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
 

 A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate.
 
 State v. Dorsey,
 
 07-67, p. 5 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. Three factors are considered in reviewing a trial court’s sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.
 
 State v. Stewart,
 
 03-920, p. 16 (La.App. 5 Cir. 1/27/04), 866 So.2d 1016, 1027-28,
 
 writ denied,
 
 04-0449 (La.6/25/04), 876 So.2d 832.
 

 The crime of possession of cocaine has a penalty range of imprisonment with or without hard labor for not more than five years. LSA-R.S. 40:967(C). Additionally, the defendant can also be ordered to pay a fine not to exceed $5,000. Defendant received a four-year sentence at hard labor.
 

 In imposing sentence, the trial court noted defendant had five prior felony convictions, all for possession of cocaine, and one prior misdemeanor conviction. It also noted defendant had a family to support. The trial court commented that defendant perhaps has a substance abuse problem but stated that defendant had not sought substance abuse treatment in the past. The trial court explained that despite defendant’s motion for a suspended sentence, it was convinced that a suspended sentence was not appropriate in this case and it believed defendant was in need of institutional care. The trial court further noted that defendant had not expressed any remorse regarding his past behavior and that “his attitude of resistance and _[]jrebellion” suggested to the court that defendant “is an angry individual who will only go back to where he was before.” The trial court stated it was “not impressed by [defendant’s] demeanor nor his criminal history, that he has repented of his ways and his heart has changed such that we can trust him among the citizens of this community.”
 

 Based on the jurisprudence, we fail to find that defendant’s four-year sentence is excessive. In
 
 State v. Thornton,
 
 44,077, p. 2 (La.App. 2 Cir. 4/8/09), 8 So.3d 830, 832-33, the Second Circuit upheld the defendant’s four-year sentence for possession of cocaine after noting the defendant had two prior distribution of cocaine convictions. The court also noted the defendant failed to attend substance abuse meetings, which were ordered as a condition of his post-
 
 *905
 
 conviction bond. The court did not find the defendant’s sentence to be grossly disproportionate to the severity of the offense or shocking to its sense of justice. Also, in
 
 State v. Whitfield,
 
 08-641, pp. 2-3 (La.App. 3 Cir. 12/10/08), 998 So.2d 935, 937-38, the Third Circuit upheld the defendant’s four-year sentence and $1,500 fíne for possession of cocaine. The court noted the defendant had three prior felony convictions and benefited by pleading guilty because the State dismissed one charge and agreed not to file a multiple offender bill of information. And, in
 
 State v. Watkins,
 
 33,644, pp. 5-7 (La.App. 2 Cir. 9/27/00), 768 So.2d 665, 669, the court found the defendant’s four-year sentence for possession of cocaine was not unconstitutionally excessive. The court noted the defendant’s extensive criminal record and his personal history, which included questionable employment and revocation of his probation on four occasions in the past.
 

 1 t2In the present case, defendant had five prior felony drug convictions.
 
 [8]
 
 Similarly situated defendants have received the same four-year sentence. Therefore, we fail to find that the four-year sentence imposed by the trial court is unconstitutionally excessive. The sentence is not grossly disproportionate to the severity of the offense or shock the sense of justice.
 

 Finally, defendant contends he received ineffective assistance of counsel because his trial counsel failed to file a motion for reconsideration of sentence. He claims his trial counsel failed to object to the trial court’s reliance on impermissible sentencing factors. He also claims his counsel failed to present information, such as his employment history, to the trial court to aid in its sentencing. The State contends defendant has failed to show he was prejudiced by his trial counsel’s failure to file a motion to reconsider sentence because he failed to show there was a reasonable probability that but for his counsel’s error, his sentence would have been different.
 

 A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney’s performance was deficient, and (2) the deficiency prejudiced him. To demonstrate prejudice under this test, the defendant must show that the outcome of the trial would have been different, but for counsel’s unprofessional conduct.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984);
 
 State v. Nguyen,
 
 06-969, p. 8 (La.App. 5 Cir. 4/24/07), 958 So.2d 61, 65,
 
 writ denied,
 
 07-1161 (La.12/7/07), 969 So.2d 628.
 

 | isThis Court has recognized that a defense counsel’s failure to file a motion to reconsider sentence cannot automatically be considered deficient performance. This Court has also held that the failure to file a motion to reconsider sentence does not prejudice a defendant when the court reviews the sentence for constitutional exces-siveness.
 
 Id.
 
 However, in the present case, defendant complains of a statutory violation. He contends his counsel’s failure to file a motion to reconsider sentence precludes him from raising the claim that the trial judge considered improper sentencing factors.
 

 During the sentencing, the trial court stated that it had taken notice of LSA-C.Cr.P. art. 894.1, which lists aggravating
 
 *906
 
 and mitigating circumstances for the sentencing judge to consider when imposing sentence. After noting defendant had six felony convictions, including the present conviction, the trial judge stated:
 

 I am quit [sic] aware that illegal substances are obtained from drug dealers. Drug dealers have resulted in the deaths of young children in our community. They have engaged in warfare between themselves and their bullets have missed their targets and little babies have died.
 

 I’m always concerned that persons who keep drug dealers in business carry with them the blood of the little babies on their hands.
 

 Because it is true that if we don’t shop with certain businesses, those businesses go out of business. And it is people such as the defendant before us whose habit and whose poor choices result in drug dealers continuing in business within this community, to the detriment of our little ones. While we mention little ones, we are equally concerned about the old ones, as well, who are subjected to death and addiction because of the ongoing activities of people who feed into and support drug dealers in our community.
 

 Defendant contends his counsel was ineffective for failing to object to the trial court’s reliance on community issues, as stated above, in sentencing him. In
 
 State v. Bourgeois,
 
 406 So.2d 550, 554 (La.1981), the Louisiana Supreme Court determined the trial court improperly considered the “rampant distribution of narcotics in the community” when imposing the defendant’s sentence.
 
 In]^Bourgeois,
 
 the defendant pled guilty to possession with intent to distribute cocaine. During sentencing, the trial judge stated, “[i]t is difficult for children to escape the association of people who are attempting to pass drugs to these children and get even their lunch money, in grammer (sic) schools, elementary schools, high school, college campuses, in fact, even in this very Court.”
 
 Id.
 
 at 554. The supreme court concluded the trial judge’s “characterization of all children who may eventually receive drugs as victims of defendant’s crime” was an inappropriate factor to consider during sentencing. The supreme court explained that the trial judge concentrated on the pervasiveness of drugs in society and, thus, failed to impose an individualized sentence. The supreme court vacated the defendant’s sentence.
 

 In
 
 State v. Jones,
 
 473 So.2d 66, 70 (La.App. 3 Cir.1985), the Third Circuit noted the trial court improperly considered community attitudes towards drugs as a sentencing factor. The defendant pled guilty to various drug offenses. When imposing sentence, the trial court stated:
 

 you are a drug dealer, and you were actively selling quantities of contraband in this community, and there’s no way that this Court can know how many sales you actually made. We only know of the ones which were brought before the Court. One can only guess how many persons have been affected by the drugs you sold.
 

 Id.
 
 at 70. The trial judge further stated, “the people of this State, and particularly the people of this community, are strongly opposed to drug sale and traffic.”
 
 Id.
 

 The court determined the trial judge inappropriately considered community attitude as a sentencing factor. The court explained:
 

 [w]e would certainly not fault the trial court in its concern for society as it is affected by the drug traffic, but the point of the matter, as we see it, is that sentences must be individualized. Unfortunately, reference to community attitudes suggests, whether it be true or not, that a sentencing was not in fact individualized as required by law.
 

 
 *907
 

 Id.
 
 at 70. The court ultimately vacated defendant’s sentence, but seemingly based its decision on the trial judge’s imposition of a large fine after the trial judge 11.^commented that the defendant’s father was in a position to pay the fine as opposed to the improper consideration of community attitude.
 

 In
 
 State v. Page,
 
 575 So.2d 892, 894 (La.App. 2 Cir.1991), the defendant complained his sentence was not individualized to him because of the trial court’s “perception of the pervasiveness and the damage being done by drugs and major drug dealers in the community.”
 
 Id.
 
 at 894. The Second Circuit noted that the trial court had specifically listed each of the LSA-C.Cr.P. art. 894.1 factors and articulated its findings as to each factor. The court also noted the trial judge considered a number of other factors including the seriousness of drug offenses and the question of whether the defendant was a major drug dealer. The court stated that it was “not improper for the trial court to take into account public concerns in imposing a sentence as well as the threat of harm to society of controlled dangerous substances as long as the sentence is particularized to the defendant.”
 
 Id.
 
 at 894. The court determined that the trial court sufficiently imposed an individualized sentence after considering the facts of the case and circumstances of the defendant.
 

 In the present case, the record indicates that the trial judge may have improperly considered the pervasiveness of drugs in and the ill-effects of drugs on our society when sentencing defendant. However, similar to
 
 Page,
 
 the record shows the trial court considered the factors of Article 894.1. The trial court noted defendant’s extensive criminal history and took into consideration he supported his family. The trial court also noted defendant had made no attempts to receive treatment for his substance abuse problem. Despite consideration of community issues, we find that the trial court imposed an adequately individualized sentence on defendant. As such, we fail to find that defendant can show he was prejudiced |ir,by his counsel’s failure to object to the sentence or to file a motion for reconsideration of sentence.
 

 Furthermore, as discussed in the previous assignment of error, defendant’s sentence is not constitutionally excessive. Defendant has failed to show a reasonable probability that but for his trial counsel’s failure to object to the sentence or to file a motion for reconsideration of sentence, his sentence would have been different and, thus, has failed to carry his burden of proof to support a claim of ineffective assistance of counsel.
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
 

 Accordingly, the conviction and sentence of defendant Allen Wolff are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Defendant was also charged in a separate bill of information with possession of drug paraphernalia, a misdemeanor offense. The parties agreed to consolidate the two charges into one trial with the jury deciding the felony possession of cocaine charge and the trial judge deciding the misdemeanor possession of drug paraphernalia charge. At the end of trial, the trial judge found defendant guilty of the misdemeanor, possession of drug paraphernalia, and sentenced him to six months in parish prison. Two separate motions for appeal were filed seeking appeal from both the felony and misdemeanor convictions.
 

 Recognizing that a misdemeanor conviction cannot be appealed, appointed appellate counsel filed a motion to convert the appeal in the misdemeanor case to a writ application and to withdraw as counsel in the misdemeanor matter. This Court granted the motion on July 20, 2009, and allowed appointed counsel to withdraw from representation in the misdemeanor matter. This Court ordered die record be mailed to defendant and instructed defendant that he had until August 30, 2009 to file a brief to support the writ application. Defendant failed to file a brief. As such, on October 22, 2009, this Court dismissed defendant’s writ, 09-KH-507, relating to his misdemeanor conviction.
 

 [2]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [3]
 

 .In his appellant brief, defendant cites
 
 State v. Hathaway,
 
 411 So.2d 1074, 1079 (La.1982), for the proposition that the police cannot create street encounters without knowledge of suspicious facts and circumstances sufficient to allow them to infringe on a defendant’s right to be free from government interference. Defendant relies on
 
 Hathaway to
 
 support his position that Officer Balser intentionally created a "street encounter” for the sole purpose of searching defendant's vehicle.
 
 Hathaway
 
 is inapplicable to the present case. Unlike the present case,
 
 Hathaway
 
 did not involve a stop for a traffic violation, but rather involved an informant's tip about illegal drug activity and the right of an officer to pursue a fleeing defendant into an apartment after attempting to conduct an investigatory stop. As stated above, a traffic violation gives an officer probable cause to stop the vehicle.
 

 [4]
 

 . A writ, 09-KO-1025, was filed with the Louisiana Supreme Court in
 
 Stale v. Schnyder, supra,
 
 on May 8, 2009, but no ruling has been issued as of the date of this opinion.
 

 [5]
 

 . Issues of credibility are to be determined by the trier of fact. At a motion to suppress hearing, the trier of fact is the trial court.
 
 See State v. Thomas,
 
 99-2219, p. 14 (La.App. 4 Cir. 5/17/00), 764 So.2d 1104, 1112,
 
 writ denied,
 
 00-1734 (La.6/22/01), 794 So.2d 780.
 

 [6]
 

 . In his rendition of facts in his appellate brief, defendant seems to attack the credibility
 
 *903
 

 oí
 
 Officer Balser on the basis he was a former member of the JPSO Street Crimes Unit. During trial, defendant attempted to elicit information regarding the disbandment of the Street Crimes Unit, suggesting it was disbanded for "dubious practices." The trial court sustained the State’s objections to the line of questioning pertaining to the disbandment of the Street Crimes Unit. Defendant's inference and characterization of the Street Crimes Unit as a "disgraced” unit by citing a news website is beyond the evidence contained in the record and, thus, is seemingly improper. An appellate court is precluded from considering evidence which is not part of the record.
 
 See Stale v. Toussaint,
 
 07-353, p. 7 (La.App. 5 Cir. 12/11/07), 974 So.2d 698, 701, n. 4.
 

 [7]
 

 . LSA-C.Cr.P. art. 881.1(B) provides that a motion for reconsideration of sentence "shall be oral at the time of sentence or shall be in
 
 *904
 
 writing thereafter and shall set forth the specific grounds on which the motion is based.”
 

 [8]
 

 . It is noted that appellate counsel argues in her brief that defendant had only one prior conviction from 18 years ago. However, there is nothing in the record to substantiate counsel's claim. To the contrary, the trial court noted defendant had five prior felony convictions; a fact that was never refuted.