CANOVSKY v. GEHRSEN

———

(November 28, 1927.   Opinion and Decree.)

———

(*Syllabus by the Court*)

1.  **Louisiana   Digest—Evidence—Par.   58, 351.**

Where defendant fails to sustain his special defense of alteration by a preponderance of the evidence, plaintiff is entitled to judgment.

Appeal from the First City Court, Division "A."   Hon. Wm. A. Bahns, Judge.

Action by David Canovsky against Samuel Gehrsen.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Sidney G. Roos, of New Orleans, attorney for plaintiff, appellee.

Joseph Rosenberg, of New Orleans, attorney for defendant, appellant.

JONES, J.   This is a suit for one hundred fifty dollars ($150.00) alleged to be due as a commission of four per cent (4%) on sale of real estate.

The contract, which is on the ordinary printed real estate broker's form, consists of an offer to purchase within sixty days, signed by one Victor Cefalu, on April 23, 1926, and the acceptance signed by defendant on the same date.   Offer was to hold until April 24, 1926, at five p. m.   In other words, twenty-four hours was given for execution of contract.   In the body of the printed part the word "cash" is marked out and the word "note" is written in ink above it.   Also the word "title" is marked out in ink.

Defendant, after denying that plaintiff had furnished a purchaser able and willing to buy at stipulated price, avers that the purchaser failed to deposit ten percent (10%) of the purchase price in cash upon acceptance of the offer, "it being well understood that said ten percent deposit was to be represented by cash only and respondent avers that the agreement was silent as to any note before signing, that plaintiff failed to secure any cash," that at the time plaintiff well knew defendant was in the process of purchasing the property, but had not then secured title.

It will be noted that alteration while implied is not clearly pleaded.

The trial judge found in favor of plaintiff and defendant has appealed.

As defendant contends in this Court that the agreement of sale was altered after he signed it, the burden of proof is on him to prove this by a preponderance of the evidence.

Defendant swears that he signed the acceptance before the owner signed the offer to sell and that the contract then did not provide for a note, but had been altered later, that he had subsequently compromised the matter with the owner, Cefalu, but had not paid a cent to any one, that three days after the contract, on his way to Notary Rittenberg's office to deliver the property, he had been told by plaintiff there was a note, for the first time, and had protested.

Cefalu, the prospective purchaser, swears that he signed the document before Gehrsen and that the word "note" was then in

the document; that Gehrsen, who had been unable to make title to the property, had agreed to pay Notary Rittenberg for his certificates and examination of title and he had agreed not to hold him for damages; that no complaint had ever been made about the note until after suit was filed and that he had been ready and willing to take over property, but Gehrsen couldn't get title to it.

On cross-examination he says that he did not remember when the word "cash" was marked out and the word "note" written in, but later says, "I am positive I gave the note at the date we closed the deal."

Notary Rittenberg swears that Gehrsen and Cefalu came to his office to pass the act, but Gehrsen couldn't get title to the property; that the matter was then compromised by Gehrsen's agreement to pay his fees and Cefalu's agreeing to drop it; that subsequently Gehrsen did pay him about thirty or forty dollars.

Plaintiff swears that when the offer to buy was signed by Cefalu, before defendant had accepted, Cefalu marked out the word "title;" that the word "cash" was stricken out and the word "note" written in before defendant signed it and that he had phoned and written defendant immediately stating that the offer had been accepted and the note signed and delivered to him; that no objection had been made; that the word "note," which was in Cefalu's handwriting, had been put in before Gehrsen signed.

It is thus seen that defendant is contradicted by Gehrsen, Cefalu and Attorney Rittenberg on important points. We agree with the judge below that he has failed to prove his special defense of alteration.

For these reasons the judgment is affirmed.