988 So.2d 765 (2008)
STATE of Louisiana
v.
Clinton D. SAM.
No. 08-KA-220.
Court of Appeal of Louisiana, Fifth Circuit.
June 19, 2008.
*767 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Churita H. Hansell, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Jane L. Beebe, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
The defendant, Clinton Sam, has appealed his conviction of possession of cocaine. For the reasons that follow, we affirm.

*768 FACTS:

The State presented the testimony of the two officers who arrested defendant. Jefferson Parish Sheriff's Office (JPSO) Officers Mark Layrisson and Melvin Frances testified that they were patrolling in Marrero on June 4, 2003 when they arrested defendant. They were aware that JPSO had previously responded to complaints of narcotics trafficking in the particular area where they arrested defendant. Both officers identified the particular area as a high crime area.
Officer Layrisson testified that he observed defendant engage in an apparent hand-to-hand transaction with another man on a public sidewalk. Officer Frances testified he saw the apparent hand-to-hand transaction, explaining that he knew that something was exchanged, but could not see what was exchanged. Both officers stated that defendant was accompanied by his two-year old daughter. When the officers approached in their marked police car, the other man fled from the scene. The officers testified that defendant attempted to evade them by looking away and walking hastily to his vehicle. Believing that they had witnessed a narcotics transaction, the officers decided to interview defendant, approached on foot, and asked him to place his hands on the hood of the police car. When asked to comply with a frisk, defendant discarded an object, which landed on the hood of the car. The officers described the discarded object as two white rocks wrapped partially in foil. Based on their training and experience, each officer concluded that the object was consistent with crack cocaine.[1] The officers testified that at that point, defendant was formally arrested and charged with possession of cocaine.
At the conclusion of the officers' testimony, the State rested and the defense did not put on any evidence. The six person jury found the defendant guilty as charged. He received a five year sentence. A multiple bill was filed charging the defendant as a fourth felony offender. The court found the defendant to be a fourth felony offender; the original sentence was vacated and defendant was sentenced to 20 years imprisonment. After filing several Applications for Post-Conviction Relief, defendant was granted an out of time appeal.

LAW AND DISCUSSION:
On appeal defendant lists as his sole assignment of error that the trial court erred in failing to grant his Motion to Suppress the evidence because the evidence was illegally retrieved. Defendant argues that police did not have probable cause to arrest him. He contends that the seized cocaine was tainted by the illegality of the arrest, and should have been excluded as fruit of the poisonous tree. In the alternative, defendant argues that, even if he were not under arrest, police lacked reasonable suspicion to make an investigatory stop, and, even if the stop were warranted, police were not justified in frisking him for weapons. The State responds that the cocaine was seized pursuant to a valid investigatory stop and frisk.
Defendant asserts that he was arrested without probable cause at the point that the officers attempted to frisk him for weapons. We disagree. An arrest occurs when there is actual restraint of the person and the circumstances indicate intent to effect an extended restraint on the liberty of the accused. State v. Simms, 571 So.2d 145 (La.1990).
In State v. Atkins, 05-823 (La.App. 5 Cir. 3/14/06), 926 So.2d 591, police officers *769 approached the defendant and three others and ordered them to come to the patrol car and place their hands on it. In finding this was an investigatory stop, this Court stated a stop of defendant occurred because defendant submitted to a police show of authority by complying with the officer's request. Likewise in State v. Johnson, 557 So.2d 1030 (La.App. 4 Cir.1990), the Court found there was no arrest when police stopped defendant and asked him to place his hands on the patrol car, noting there were no circumstances to show that the officers intended to effect an extended restraint on the freedom of defendant[2].
In the present case, defendant argues that the mere fact that he was ordered to place his hands on the police car constituted an arrest. The officers testified that they observed defendant engage in a hand to hand transaction and approached in an attempt to interview him, escorting or summoning defendant to their car. Nothing indicates that the officers intended to effect an extended restraint on defendant's liberty when they asked him to place his hands on the patrol car. Accordingly, we find that given the facts and circumstances of the case before us, approaching defendant and asking him to place his hands on the police car was an investigatory stop rather than an arrest.
Having determined that an investigatory stop occurred rather than an arrest, we must now determine whether there was sufficient reasonable suspicion to justify the investigatory stop of defendant. In a hearing on a Motion to Suppress evidence seized without a warrant, the State bears the burden of proving that an exception to the warrant requirement applies. LSA-C.Cr.P. art. 703(D). In Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court recognized the investigatory stop as an exception to the warrant requirement. Under LSA-C.Cr.P. art. 215.1(A), a law enforcement officer may stop and question a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit a criminal offense.
Reasonable suspicion is something less than probable cause to arrest, and requires that police officers have sufficient knowledge of facts and circumstances to justify an infringement of the individual's right to be free from government interference. State v. Chauvin, 06-362 (La. App. 5 Cir. 10/31/06), 945 So.2d 752. The determination of reasonable grounds for an investigatory stop does not rest on the officer's subjective beliefs or attitudes, but turns on a completely objective evaluation of all the circumstances known to the officer at the time of his challenged action. State v. Kalie, 96-2650 (La.9/19/97), 699 So.2d 879. In determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or hunch, but to the specific reasonable inferences that he is entitled to draw from the facts in light of his experience. Chauvin, supra, (citing Terry v. Ohio, 392 U.S. at 27, 88 S.Ct. at 1883). A reviewing court must take into account the totality of circumstances, giving deference to the inferences and deductions of a trained police *770 officer that might elude an untrained person. State v. Huntley, 97-965 (La.3/13/98), 708 So.2d 1048. An officer's experience, his knowledge of recent criminal patterns, and his knowledge of an area's frequent incidence of crimes are factors that may support reasonable suspicion for an investigatory stop. State v. Mitchell, 04-136 (La.App. 5 Cir. 6/29/04), 877 So.2d 1151.
Flight from police officers alone will not provide justification for a stop. State v. Benjamin, 97-3065 (La.12/1/98), 722 So.2d 988. However, flight from police officers is highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable suspicion to stop. State v. Stanfield, 05-839 (La.App. 5 Cir. 3/14/06), 925 So.2d 710. Flight by the defendant's companion at the sight of police can be a factor in determining reasonable suspicion. State v. Washington, 99-1111 (La.App. 4 Cir. 3/21/01), 788 So.2d 477, writ denied, 01-1096 (La.5/31/02), 816 So.2d 866. Given the highly suspicious nature of flight from a police officer, the amount of additional information required in order to provide officers with reasonable suspicion that an individual is engaged in criminal behavior is greatly lessened. Benjamin, supra.
In State v. Flagg, 99-1004, p. 8 (La.App. 5 Cir. 4/25/00), 760 So.2d 522, 527, writ denied, 00-1510 (La.3/9/01), 786 So.2d 117, this Court held that "reasonable suspicion to justify an investigatory stop existed when [the officer] observed the defendant engage in what the officer believed was a hand-to-hand transaction," even though the State presented no testimony indicating that the officer could see what was exchanged. The Court stated that the reputation of a neighborhood as a high-crime area is an articulable fact upon which an officer may legitimately rely in making a determination as to reasonable suspicion for an investigatory stop. Id. The Court furthermore considered the defendant's startled facial expression at the sight of police as relevant to the determination of a lawful investigatory stop. Id.
In State v. Fearheiley, 08-307 (La.4/18/08), 979 So.2d 487, an officer observed the defendant engage in an apparent hand-to-hand transaction, but was unable to determine what was exchanged. The exchange lasted 15 to 20 seconds "inside one of two cars which had arrived separately ... with no apparent purpose that evening other than facilitating the brief exchange before the parties, who appeared to the officer to have no other connection to each other, went their separate ways." Id. at p. 1, 979 So.2d at 488. The defendant stated that he met the other person in order to receive a debt payment. Id. The court held that the officer had reasonable suspicion for an investigatory stop, noting that the defendant's "other possible innocent explanations" did not require the officer to turn a blind eye to the encounter and ignore his experience in narcotics investigation. Id.
At the suppression hearing and trial in the present case,[3] the State presented the testimony of two experienced officers who witnessed defendant's hand-to-hand transaction. Officer Layrisson testified that he had witnessed drug transactions in this area while Officer Frances testified that this is a high crime area with a lot of drug traffic. The officers testified that the other party to the *771 hand-to-hand transaction fled at the sight of police and that defendant tried to evade them by not looking towards them and hastily walking to his vehicle. Although the officers could not identify what changed hands in the exchange, they were certain something exchanged hands. Thus, we find given the totality of the circumstances, the officers had reasonable suspicion to justify an investigatory stop.
Defendant also contends that, even if the investigatory stop were lawful, the officers' attempt to frisk for weapons was illegal. Under LSA-C.Cr.P. art. 215.1(B), if an officer reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. There is often an overlap between the grounds that justify the investigatory stop and the subsequent frisk, and in many situations, the circumstances that justify the stop also justify the frisk. State v. Sanders, 97-892 (La.App. 5 Cir. 3/25/98), 717 So.2d 234, writ denied, 98-1163 (La.9/25/98), 724 So.2d 774. A frisk is justified under circumstances where a reasonably prudent man would be warranted in the belief that his safety or the safety of others was in danger. Id. It is not necessary that the officer establish that it was more probable than not that the detained individual was armed and dangerous; it is sufficient that the officer establish a substantial possibility of danger. Id.
In the present case, the State presented evidence that defendant tried to evade officers in a high crime area after engaging in a hand-to-hand transaction with another man who fled at the sight of police. The officers testified that they suspected narcotics trafficking. The officers each stated that the purpose of the frisk was to search for weapons in defendant's outer clothing for their own safety and the safety of the public. Accordingly, we find that the officers were justified in frisking defendant.
When property is abandoned without any prior unlawful intrusion into a person's right to be free from governmental interference, that property may be lawfully seized. State v. Short, 95-742 (La. App. 5 Cir. 1/30/96), 668 So.2d 1240. Defendant abandoned his cocaine on the officers' vehicle after a lawful investigatory stop and just before officers were to conduct a lawful frisk. Accordingly, we find that the cocaine was lawfully seized.
A trial court's denial of a Motion to Suppress is afforded great weight, and it will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Becnel, 04-1266 (La. App. 5 Cir. 5/31/05), 904 So.2d 838. Having found the preponderance of the evidence does not clearly favor suppression, we find no error in the trial court's denial of the defendant's Motion to Suppress.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975).
The record does not reflect that the trial court advised defendant of the two-year prescriptive period under LSA-C.Cr.P. art. 930.8 for applying for postconviction relief. Accordingly, we remand the matter and instruct the trial court to inform defendant of the two year prescriptive period, set forth by LSA-C.Cr.P. art. 930.8, by sending written notice to defendant within ten days of the rendition of this opinion and to file written proof in the record that defendant received such notice. State v. Fazande, 05-901 (La.App. 5 Cir. 3/28/06), 927 So.2d 507.
*772 For the foregoing reasons, the defendant's conviction is affirmed. This matter is remanded for the limited purpose of informing the defendant of the time period for seeking post-conviction relief.
CONVICTION AFFIRMED; MATTER REMANDED.
NOTES
[1] The rocks subsequently tested positive for the presence of cocaine.
[2] In State v. Simmons, 95-309 (La.App. 5 Cir. 10/18/95), 663 So.2d 790, this Court held that an arrest, rather than an investigatory stop, occurred when officers followed and stopped the defendant's car, ordering defendant to the rear of the car and had him place his hands on the car for a protective frisk. However, in Simmons, the police pursued defendant's car after witnessing defendant engage in a transaction with a person who was on probation for distribution of crack cocaine. Thus, the circumstances surrounding the detention of the defendant in Simmons differ from those in the case at bar.
[3] In determining whether the trial court's ruling on a defendant's Motion to Suppress is correct, an appellate court is not limited to the evidence adduced at the suppression hearing; it may also consider the evidence presented at trial. State v. Brumfield, 96-2667 (La. 10/20/98), 737 So.2d 660, cert. denied, 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 362 (1999).