WICKER, J.
concurring with reasons.
hi agree with the majority that De-fraites failed to escape the Defraites I effects. However, I respectfully concur with the majority’s reasons in the following respects:
First, the majority finds that typicality is not met because the court must make individualized fact determinations, including whether the State Farm insured was at fault in the accident — one of the factors cited in Defraites I as requiring individualized assessments. Defraites I, 03-1081 at 12, 864 So.2d at 262. I disagree with the majority’s suggestion that all of the issues herein were within the rulings of Defraites I. In particular, Defraites has now defined *774 the proposed class in an attempt to obviate the need to assess whether the State Farm insured was at fault in the accident.[1]
“The test for typicality, like commonality, is not demanding. It satisfies typicality if the representative plaintiffs’ claims arise out of the same event or course of conduct as the class members’ claims and are based on the same legal theory.” Conrad v. Lamarque Ford, Inc., 08-673 (La.App. 5 Cir. 5/12/09), 13 So.3d 1154, writ denied, 09-1819 (La.11/6/09), 21 So.3d 310 (citations omitted). Even in light of the non-demanding standard and Defraites’s attempt to escape the need for individualized fact-intensive determinations of liability (as to the fault of the accident), the overriding issues remain the same as in Defraites I — whether non-repair related diminished value is presumed and whether State Farm has a statutory obligation to initiate loss adjustment for such alleged diminished value and offer settlement based on a repair estimate.
Defraites asserts that the putative class is no longer relying on any presumption, however, at the same time Defraites states that the statute is automatically triggered when an insurer receives proof of a claim for each plaintiffs property damage loss. Thus, despite Defraites’s assertions to the contrary, the putative plaintiffs are still attempting to apply a presumption.
The paramount substantive issues in the present case are governed by the rulings in Defraites I. In order to avoid fact-based-intensive individualized assessments, there must be a presumption of non-repair related diminished value as well as a statutory obligation on State Farm’s part to initiate non-repair related diminished value loss adjustment based on a repair estimate.
In Defraites I, the court explained that Louisiana statutory authority imposes no requirement that State Farm make an offer of diminution in value to third party claimants where such a claim is not raised by the claimant. 03-1081 at 11, 864 So.2d at 261. The court further noted that there was nothing in the statute which required the insurer to make an offer for an item of damages which was neither claimed nor factually supported based on the evidence. Id., 03-1081 at 11, n. 1, 864 So.2d at 261, n. 1. The court held: “Claims for diminution in value ... must be assessed on an individual basis.” Id.
|sThere is no inherent non-repair related diminution of value. Rather, a fact-intensive and individualized inquiry must be made. Determining whether there is such diminished value would require an individual assessment of each class member’s case. Thus, none of these individual accidents are “typical.”
Second, the majority finds that the adequacy requirement was not met. In doing so, the majority concludes that the class representative’s claims are widely divergent from those of the putative plaintiffs. I agree. However, I write separately to emphasize that unlike the proposed altered class, Mr. Defraites asked for diminished value as an item of alleged damages.
The test often used for adequate representation consists of three elements: (1) the chosen class representatives cannot have antagonistic or conflicting claims with other members of the class; (2) the named representatives must have a sufficient interest in the outcome to insure vigorous advocacy; and (3) counsel for the named plaintiffs must be competent, experienced, *775 qualified, and generally able to conduct the proposed litigation vigorously. Davis v. Cash For Payday, Inc., 193 F.R.D. 518 [522,] (N.D.Ill.2000) Schexnayder v. Entergy Louisiana, Inc., 04-636, pp. 9-10 (La.App. 5 Cir. 3/29/05), 899 So.2d 107, 115, writ denied, 05-1255 (La.12/9/05), 916 So.2d 1058, citing Duhe v. Texaco, Inc., 99-2002, p. 14 (La.App. 3 Cir. 2/7/01), 779 So.2d 1070, 1079, writ denied, 01-0637 (La.4/27/01), 791 So.2d 637.
Because Mr. Defraites has no interest in the requested injunction and declaratory relief, he lacks a sufficient interest in the outcome to insure vigorous advocacy. Thus, I find no manifest error or abuse of discretion in the trial court’s denial of certification.

. The altered proposed class definition now states in pertinent part: "where State Farm has paid or accepted liability for the cost of repair of physical damage and not yet exhausted its limits of coverage!.]"