SUSAN M. CHEHARDY, Judge.
|2On appeal, defendant challenges the trial court’s denial of his motion to suppress evidence. For the following reasons, we affirm.

*1144
Procedural history

On February 13, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant, Cesar Morales, with possession of cocaine, in violation of La. R.S. 40:967(C). Trial of the matter occurred on May 2, 2012, wherein the six-person jury found him guilty as charged.
After waiving statutory delays, the trial judge sentenced defendant to two years imprisonment with the Department of Corrections,[1] which was deferred “under 893.”[2] The trial judge placed defendant on active probation for two years.[3] On May 4, 2012, defendant filed a motion for appeal, which was granted by the court on May 7, 2012.
| ¿Facts
On January 20, 2012, Deputy Jessica Lee was on duty with the Second District Patrol Division of the Jefferson Parish Sheriffs Office, patrolling her usual area in Harvey, which included Orange Blossom Street and Tallow Tree Lane. Deputy Lee testified that the crime rate in this specific area is generally higher than most other areas of Jefferson Parish. Deputy Lee had personally responded to incidents of shootings, murders, aggravated batteries, burglaries, and narcotics crimes in this area.
As Deputy Lee patrolled Orange Blossom Street in her marked unit, she observed a blue vehicle parked in the 1100 block, on the opposite side of the street from her lane of travel. Deputy Lee testified that, as she approached the vehicle, she was travelling no more than five miles per hour. As she approached the blue vehicle head-on, her patrol vehicle’s headlights illuminated the car and she was able to observe one occupant in the front passenger seat. Deputy Lee did not recall seeing any other cars parked or bystanders waiting nearby.
According to Deputy Lee, once she made eye contact with the man in the blue vehicle, he slouched down into the passenger seat, which triggered her to believe that he was trying to hide. Deputy Lee stated that she suspected that the man might be committing a crime, such as vehicle burglary or drug possession.
To investigate, Deputy Lee stopped her vehicle across the street and, without drawing her weapon, approached the vehicle from the rear. As Deputy Lee stood near the vehicle’s trunk, she asked the man, in English, to exit the vehicle and, when he did not comply, she repeated the request in Spanish.
As Deputy Lee watched the man exit the vehicle, she saw him place, with his right hand, a clear plastic bag that contained smaller bags of white powder into |4a cavity in the door handle. Deputy Lee testified that, in her police experience, the packaging was consistent with narcotics packaging and she suspected that the white powder in the smaller bags was cocaine. Deputy Lee, who was patrolling alone, placed the man in handcuffs for officer safety while she inquired into the man’s identity.
When Deputy Lee searched the man’s name in the National Crime Information Center’s database, she learned that the *1145 man, defendant herein, was wanted for traffic violations. Deputy Lee immediately informed defendant that he was under arrest as a result of the attachment.
Before placing defendant in the backseat of her police unit, Deputy Lee searched defendant’s person. During that search, she found a small hand-rolled cigarette containing green vegetable matter, which appeared to be marijuana. Immediately after defendant was secured, Deputy Lee retrieved a medium-sized plastic bag containing six small plastic bags of white powder from the cavity in the passenger side door.
Ms. Jaslyn Powell, a forensic chemist with the Jefferson Parish Sheriffs Office accepted as an expert in the identification and analysis of controlled dangerous substances, testified that the six small bags of off-white powder tested positive for cocaine and the hand-rolled cigarette containing green vegetable matter tested positive for marijuana.
At trial, defendant testified that he was not hiding from Deputy Lee when he was slouching in his vehicle but rather he was using his cellular telephone to text. He denied that Deputy Lee found the bag of white powder on the passenger side of the vehicle; he testified that Deputy Lee found the bag of white powder in the driver’s side door. He also claimed that the bag belonged to his friend who had been driving but escaped into an apartment as Deputy Lee approached. Defendant |fialso admitted that the marijuana cigarette belonged to him although he claimed that the cigarette was in the vehicle’s ashtray, not on his person.
After hearing the testimony and evidence, the jury found defendant guilty as charged of possession of cocaine, in violation of La. R.S. 40:967(C). This appeal follows.

Law and Argument

In his sole assignment of error, defendant argues that the trial judge erred in denying his motion to suppress evidence. Defendant contends that the police officer ordered him to exit his vehicle without reasonable suspicion or probable cause because merely sliding down in the passenger’s seat of his legally parked vehicle was insufficient to warrant such an intrusion. Defendant claims that any contraband seized during the officer’s unjustified violation of defendant’s right to be left alone should be suppressed.
The State responds that the deputy did not need reasonable suspicion to approach defendant or to ask that defendant voluntarily step out of the vehicle. The State contends that the encounter, which was consensual, did not result in . a seizure.
In a hearing on a motion to suppress, the State bears the burden of proof in establishing the admissibility of evidence seized without a warrant. State v. Wolff, 09-508 (La.App. 5 Cir. 12/29/09); 30 So.3d 897, 901; La.C.Cr.P. art. 708(D). The trial court’s decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. Id. A determination of credibility lies within the sound discretion of the trial court and should not be disturbed unless clearly contrary to the evidence. See State v. Vessell, 450 So.2d 938, 943 (La.1984). In determining whether the trial court’s ruling on a defendant’s motion to suppress is correct, the appellate |ficourt is not limited to the evidence adduced at the suppression hearing; it may also consider the evidence presented at trial. State v. Morton, 08-164 (La.App. 5 Cir. 7/29/08); 993 So.2d 651, 656.
The Fourth Amendment to the United States Constitution and Article 1, *1146 § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. War-rantless searches and seizures are per se unreasonable unless justified by one of the exceptions to the warrant requirement. Wolff, 30 So.3d at 901. If evidence is derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial. Id.
Law enforcement officers are authorized by La.C.Cr.P. art. 215.1, as well as state and federal jurisprudence, to perform investigatory stops that permit officers to stop and interrogate a person who is reasonably suspected of criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Ayche, 07-753 (La.App. 5 Cir. 3/11/08); 978 So.2d 1143, 1148, writs denied, 08-2291 (La.1/30/09); 999 So.2d 752 and 08-1115 (La.2/13/09); 999 So.2d 1140. The Terry standard, as codified in La. C.Cr.P. art. 215.1, authorizes police officers to stop a person in a public place whom they reasonably suspect is committing, has committed, or is about to commit an offense and demand that the person identify himself and explain his actions. Ayche, supra.
Investigatory stops require reasonable suspicion of criminal activity. State v. Boss, 04-457 (La.App. 5 Cir. 10/26/04); 887 So.2d 581, 585. Reasonable suspicion is something less than probable cause to arrest and requires that police officers have sufficient knowledge of facts and circumstances to justify an infringement of the individual’s right to be free from government interference. State v. Sam, 08-220 (La.App. 5 Cir. 6/19/08); 988 So.2d 765, 769, writ denied, 708—1984 (La.5/15/09); 8 So.3d 577. The determination of reasonable grounds for an investigatory stop does not rest on the officer’s subjective beliefs or attitudes, but turns on a completely objective evaluation of all of the circumstances known to the officer at the time of his challenged action. Id.
Police do not have to observe what they know to be criminal behavior before investigating. Instead, the requirement is that the officers have a reasonable suspicion of criminal activity. State v. Benjamin, 97-3065 (La.12/1/98); 722 So.2d 988, 989. While an individual’s mere presence in a high crime area, standing alone, is insufficient to justify an investigatory stop, his presence in a high crime area coupled with nervousness, startled behavior, flight or suspicious actions upon the approach of the officers, gives rise to reasonable suspicion for an investigatory stop. State v. Burns, 04-175 (La.App. 5 Cir. 6/29/04); 877 So.2d 1073, 1076.
In determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or hunch, but to the specific reasonable inferences that he is entitled to draw from the facts in light of his experience. Sam, 988 So.2d at 769. A reviewing court must take into account- the totality of circumstances, giving deference to the inferences and deductions of a trained police officer that might elude an untrained person. An officer’s experience, his knowledge of recent criminal patterns, and his knowledge of an area’s frequent incidence of crimes are factors that may support reasonable suspicion for an investigatory stop. Sam, 988 So.2d at 769-70.
Moreover, reasonable suspicion is not required every time an officer approaches a citizen in a public place. Police officers possess the same right as any citizen to approach an individual and ask a few questions. State v. Jackson, 00-8083 (La.3/15/02); 824 So.2d 1124, 1126 (per curiam); State v. Turner, 08-1188 (La. *1147 App. 5 Cir. 5/12/09); 13 So.3d 695, 699, writ denied, 09-2100 (La.8/18/10); 42 So.3d 400. A police officer’s action of merely approaching an individual does not implicate the protections of the Fourth Amendment. Turner, supra.
In the present case, the deputy walked to the trunk of the defendant’s vehicle and requested that defendant, who was seated in the passenger seat, exit the vehicle. Deputy Lee testified that she did not have her gun drawn when she made this request. She observed the narcotics he placed in the door as he exited. She placed defendant in handcuffs, for her safety, once she observed the alleged contraband.
Under the facts of this case, where the vehicle was parked and not actively stopped by the deputy using lights or sirens, where the deputy approached with her weapon holstered and only spoke to the defendant prior to observing the narcotics in defendant’s hand, Deputy Lee’s initial approach of this defendant did not implicate the protections of the Fourth Amendment nor require reasonable suspicion. See, State v. Hill, 01-1372 (La.App. 5 Cir. 5/15/01); 821 So.2d 79.
Furthermore, upon finding no intrusion during the initial encounter, we find that Deputy Lee did, in fact, have sufficient reasonable suspicion to conduct an investigatory stop of defendant under the circumstances of the present case. First, Deputy Lee was personally familiar with the “high crime” area where the defendant was found. Second, Deputy Lee observed defendant, alone, at night, in the passenger seat of a parked vehicle. Third, as she patrolled, defendant made eye contact then slouched in the seat to hide from her, which caused her to suspect a vehicle burglary or an illegal narcotics transaction.
Thus, after witnessing defendant’s evasive behavior upon seeing the police coupled with the “high crime” area, Deputy Lee was reasonable to suspect that this | ¡Individual was committing, had committed, or was about to commit an offense sufficient to justify an investigatory stop. See, State v. Huynh, 08-1628 (La.11/10/08); 993 So.2d 1198 (per curiam) (totality of the circumstances justified a brief investigate-. ry stop, where defendant, seated at the wheel of his parked car “slouched down in his seat, to not be recognized”); State v. Morton, 08-164 (La.App. 5 Cir. 7/29/08); 993 So.2d 651 (individuals in “high crime” area at night attempting to hide when police approached was sufficient to justify investigatory stop).
Additionally, following the lawful stop, Deputy Lee was authorized to order defendant to exit his vehicle. See State v. Kelley, 05-1905 (La.7/10/06); 934 So.2d 51, 55 (per curiam), cert. denied, 549 U.S. 1065, 127 S.Ct. 691, 166 L.Ed.2d 536 (2006) (“Given an objective basis for detaining the defendant briefly to determine why he was ‘just there,’ the officers acted reasonably by requesting that he .step from the car, even in the absence of any particularized suspicions that he was armed and dangerous.”)
Further, police may lawfully seize evidence without a-warrant under the “plain view” doctrine when: 1) there is prior justification for an intrusion into the protected area; and 2) it is immediately apparent, without close inspection, that the items seized are evidence or contraband. State v. Tate, 09-619 (La.App. 5 Cir. 2/9/10); 33 So.3d 292, 300-01 (citing Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)). “Under the plain view doctrine, if police are lawfully in a position from which they view an object that has an incriminating nature that is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant.” State v. Leger, 05-0011 (La.7/10/06); 936 *1148 So.2d 108, 155, cert. denied, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007) (citing Horton, 496 U.S. at 136-137, 110 S.Ct. at 2308). The “plain view” exception does not require a police officer to be certain that.the object in plain view is contraband; it simply requires that the officer have probable cause to believe the item in question is either evidence and/or contraband. Tate, 33 So.3d at 301.
In the present case, the deputy had a right to be standing outside the passenger door of the vehicle when she observed the cocaine, which was immediately apparent as contraband to her. Thus, the cocaine was lawfully seized pursuant to an exception to the warrant requirement. As such, we find that there was no error in the trial court’s denial of defendant’s motion to suppress evidence. Based on the foregoing, we find no merit in defendant’s assignment of error.

Error patent discussion

Pursuant to La.C.Cr.P. art. 920, we have reviewed the record for errors patent. We note that the record does not reflect that defendant was advised of the prescriptive period for filing an application for post-conviction relief pursuant to La. C.Cr.P. art. 930.8. Accordingly, by way of this opinion, defendant is advised that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922. See State v. Neely, 08-707 (La.App. 5 Cir. 12/16/08); 3 So.3d 532, 538, writ denied, 09-0248 (La.10/30/09); 21 So.3d 272; State v. Davenport, 08-463 (La.App. 5 Cir. 11/25/08); 2 So.3d 445, 451, writ denied, 09-0158 (La.10/16/09); 19 So.3d 473.

Conclusion

In conclusion, we find no error in the trial court’s denial of defendant’s motion to suppress evidence. Defendant’s conviction and sentence are hereby affirmed.

AFFIRMED

.Only those individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections. La. R.S. 15:824(C); State v. Vance, 06-452 (La.App. 5 Cir. 11/28/06); 947 So.2d 105, 109 n. 3, writ denied, 07-0152 (La.9/28/07); 964 So.2d 351.

. Presumably, the trial judge was referring to La.C.Cr.P. art. 893, which allows deferral of sentences with imposition of probation in felony cases.

. The record contains a form reflecting defendant's probation requirements, including court costs and fines.