JOHNSON, J.,
dissents with reasons.
|TI, respectfully, dissent from the majority opinion in the finding that there was sufficient evidence to convict Defendant, Monty Merrill, of attempted possession of cocaine. After examining the factors set forth in State v. Henry, 08-658 (La.App. 5 Cir. 10/27/09); 27 So.3d 935, 942, writ denied, 09-2485 (La.4/23/10); 34 So.3d 269, and the facts of this case, I am of the opinion there was insufficient evidence presented at trial to prove Defendant had constructive possession of the cocaine found in the bathroom.
Kassandra Reed, the female found in the bathroom with Defendant, provided an un-controverted account of the events occurring on the day in question. Ms. Reed testified: 1) Defendant went into the bathroom where she was and sat down after the police officers arrived at the door of the house; 2) the drugs and the paraphernalia found in the bathroom belonged to her, not Defendant; 3) Defendant did not know any drugs were present; and 4) Defendant did not know the owner of the house and did not frequent the house. Moreover, Deputy James Matthews, one of the officers executing the search warrant, testified: 1) Defendant was naked and sit *273 ting on top of the toilet with the lid closed when he entered the bathroom; 2) the bathroom was “not big at all;” and 3) Defendant was not in physical possession of any narcotics, drug paraphernalia or currency. Additionally, there was no admissible evidence presented from either Deputy Matthews or Sergeant |?Shane Klein that Defendant knew any drug paraphernalia was present in the bathroom. Furthermore, there was no evidence presented that Defendant had any recent drug usage.
When considering the testimony presented to the jury, in light of the Henry factors, the evidence presented only shows Defendant was merely in the presence of the cocaine belonging to Ms. Reed when the officers found him in the bathroom. The mere presence of a defendant in the area where a controlled dangerous substance is found or mere association with the person found in possession of the controlled dangerous substance is insufficient to constitute constructive possession. Henry, 08-658; 27 So.3d at 942-43. Ultimately, the State did not prove beyond a reasonable doubt that Defendant attempted to possess cocaine, and the jury did not have sufficient evidence to convict him of that crime.
For the foregoing reasons, I would reverse Monty Merrill’s conviction of attempted possession of cocaine.