ROBERTA. CHAISSON, Judge.
|2In this appeal, defendant, Jonathan Robinson, challenges his conviction and sentence for possession of cocaine. The only issue presented is whether the trial court erred in denying defendant’s motion to suppress evidence. For the reasons that follow, we find that the trial court erred in denying this motion, and accordingly, we vacate defendant’s guilty plea and sentence and remand this matter to the trial court for further proceedings.

PROCEDURAL HISTORY

On June 17, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession of cocaine in violation of LSA-R.S. 40:967(C). At his arraignment on July 1, 2013, defendant pled not guilty to the charge. Defendant thereafter filed a motion to suppress evidence which the trial court heard and denied on August 15, 2013.
Following this denial, defendant, on August 19, 2013, withdrew his plea of not guilty and pled guilty as charged pursuant to State v. Crosby, 338 So.2d 584 (La.1976). In accordance with the plea agreement, the trial court sentenced defendant to three years imprisonment at hard labor, suspended the sentence, and placed defendant on three years of active probation, subject to various conditions. Defendant now appeals.

FACTS

At the August 15, 2013 suppression hearing, the State offered the testimony of Detective Mark McCormick of the Kenner Police Department. According to Detective McCormick, at approximately 5:43 p.m. on May 15, 2013, he was on patrol with four other detectives in an unmarked Chevrolet Tahoe heading east on 31st Street in Kenner. The officers were stopped at a stop sign when they observed a vehicle, driven by defendant, heading west on 31st Street, also stopped at the stop sign. Detective McCormick’s attention was drawn to the vehicle when an individual on a bicycle approached the driver’s side door and engaged in a brief conversation with defendant at the stop sign. Thereafter, defendant immediately took a right hand turn and pulled into a driveway in the 3100 block of Tifton Street. The detectives relocated to the 3000 block of Tifton to further observe the two individuals. The detectives observed the individual on the bicycle drop his bike and enter the passenger side of defendant’s vehicle.
Upon seeing this, Detective McCormick pulled up behind defendant’s vehicle, blocked it in, turned on the flashing lights, and exited the vehicle. Detective McCor *375 mick and another detective approached the driver’s side of the vehicle, where Detective McCormick observed a bag of white rocks in defendant’s lap. As soon as the officers identified themselves, defendant attempted to destroy the bag. The officers removed defendant from the vehicle and located the bag of white material. The white material field-tested positive for cocaine and was determined to weigh 1.4 grams. At that point, defendant was placed under arrest.
UDuring his testimony, Detective McCormick acknowledged that before the stop he did not observe a transaction take place between the two individuals nor any illegal activity. Yet, based on his twelve years of experience as a police officer, he explained that the two individuals’ conduct was “extremely consistent with a drug transaction.”
After considering the evidence presented, the trial court denied defendant’s motion to suppress, finding that the officers had “reasonable suspicion to conduct an investigatory stop, and the narcotics were seen in plain view, so the seizure was constitutional.”

DENIAL OF MOTION TO SUPPRESS EVIDENCE

In his sole assignment of error, defendant contends that the trial court erred in denying his motion to suppress evidence. Specifically, defendant contends that the officers did not have reasonable suspicion to stop or probable cause to detain him. Therefore, since the initial stop was illegal, the subsequent seizure of the cocaine was not justified under the plain view exception to the warrant requirement and should be suppressed.
In contrast, the State contends that no investigatory stop occurred, and therefore, Detective McCormick did not need reasonable suspicion or probable cause to approach defendant’s parked car. Alternatively, the State contends that there was reasonable suspicion for an investigatory stop. We have considered these arguments and, for the reasons that follow, we agree with defendant’s position, and accordingly, reverse the judgment of the trial court which denied defendant’s motion to suppress.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. Warrant-less searches and seizures are per se unreasonable unless justified by one |sof the exceptions to the warrant requirement. State v. Morales, 12-454 (La.App. 5 Cir. 12/18/12), 125 So.3d 1141, 1146.
In a hearing on a motion to suppress evidence seized without a warrant, the State bears the burden of proving that an exception to the warrant requirement applies. LSA-C.Cr.P. art. 703(D). The United States Supreme Court, in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), recognized the investigatory stop as an exception to the warrant requirement. The Terry standard, as codified in LSA-C.Cr.P. art. 215.1, authorizes law enforcement officers to stop and question a person in a public place whom they reasonably suspect is committing, has committed, or is about to commit a criminal offense. See State v. Johnson, 10-209 (La.App. 5 Cir. 10/12/10), 52 So.3d 110, 117, writ denied, 10-2546 (La.4/1/11), 60 So.3d 1248.
Investigatory stops require reasonable suspicion of criminal activity. Reasonable suspicion is something less than probable cause to arrest and requires that police officers have sufficient knowledge of facts and circumstances to justify an infringement on the individual’s right to be free from governmental interference. Absent *376 reasonable suspicion, an investigatory stop is illegal and the evidence seized as a result is suppressible. State v. Lane, 09-179 (La.App. 5 Cir. 9/29/09), 24 So.3d 920, 923-24, writ denied, 09-2360 (La.5/21/10), 36 So.3d 226.
The determination of reasonable grounds for an investigatory stop does not rest on the officer’s subjective beliefs and attitudes, but turns on a completely objective evaluation of all the circumstances known to the officer at the time of the challenged action. State v. Morales, 125 So.3d at 1146. An officer’s mere unpartic-ularized suspicion or “hunch” of criminal activity is insufficient to establish reasonable grounds to stop a person. State in Interest of J.H., 11-324 (La.App. 5 Cir. 12/28/11), 83 So.3d 1100, 1105. Factors that may support reasonable | (¡suspicion for an investigatory stop include an officer’s experience, his knowledge of recent criminal patterns and his knowledge of an area’s frequent incidence of crimes. A reviewing court must take into consideration the totality of the circumstances, giving deference to the inferences and deductions of a trained police officer that might elude an untrained person. State v. Lane, 24 So.3d at 924.
Prior to addressing the issue of reasonable suspicion, we must first consider whether the officers’ encounter with defendant did, in fact, constitute a stop within the meaning of the Fourth Amendment.
A person has been seized for purposes of the Fourth Amendment only if he has been physically restrained or if he actually submits to an official show of authority under circumstances in which a reasonable person would understand that his freedom of movement had been decisively curtailed. State v. Richardson, 09-0638 (La.10/20/09), 23 So.3d 254, 257. Under the Louisiana Constitution, a person is also “seized” when an actual stop is imminent. An actual stop is imminent “when the police come upon an individual with such force that, regardless of the individual’s attempts to flee or elude the encounter, an actual stop of the individual is virtually certain.” State v. Tucker, 626 So.2d 707, 712 (La.1993); State v. Turner, 08-1188 (La.App. 5 Cir. 5/12/09), 13 So.3d 695, 699, writ denied, 09-2100 (La.8/18/10), 42 So.3d 400.
Contrary to the State’s assertion in its appellate brief, we find that the officers’ encounter with defendant clearly constituted a seizure within the meaning of the Fourth Amendment and the Louisiana Constitution. We acknowledge that defendant’s vehicle was parked and was not actively stopped by the police. However, at the suppression hearing, Detective McCormick clearly testified that he pulled his unmarked vehicle right behind defendant’s car, and with the use of flashing lights, blocked defendant’s vehicle in the driveway. He then exited the 17vehicle and approached defendant’s car. Although it is not clear where the officers were located during the encounter, the record indicates that five officers were on the scene, at least two of whom approached the driver’s side of the vehicle. Based on these factors, we find that defendant was not free to leave and that an actual stop was “virtually certain” to occur.
Having determined that a seizure within the meaning of the Fourth Amendment and the Louisiana Constitution occurred, we now focus on whether Detective McCormick had reasonable suspicion of criminal activity to justify the stop. This issue entails determining whether Detective McCormick established “specific and articulable facts which, taken together with rational inferences from those facts, reasonably warranted]” the stop of defen *377 dant. See Terry v. Ohio, 392 U.S. at 21, 88 S.Ct. at 1880.
In State v. Gagnon, 01-1302 (La.App. 5 Cir. 4/10/02), 817 So.2d 167, narcotics detectives had received information that a black male was selling cocaine from the second floor of an apartment complex, that residents of the complex had complained about the amount of traffic in and out of the apartment, and that the black male often met people at the gateway of the complex. Pursuant to this information, an officer conducted surveillance of the apartment, during which he observed an individual, who was later determined to be the defendant, meet a black male at the gateway to the complex for about 30 seconds, and then leave in her vehicle. At the suppression hearing, the officer testified that this was consistent with a narcotics deal; however, he admitted that he did not witness a hand-to-hand transaction.
The officer followed the vehicle and when it appeared to be stopping, he turned on his flashing lights. The officer explained that he stopped the vehicle “[biased upon the activity I had seen and the fact that we wanted to identify any | ¡^persons or the driver of the vehicle and try to get an identification so that we could further our investigation into the apartment.” State v. Gagnon, 817 So.2d at 169. The defendant was driving without a license, for which the officer placed her under arrest. When he conducted a pat-down search of the defendant, the officer found a small off-white rock in her pants’ pocket, which was determined to be cocaine.
The defendant subsequently pled guilty to possession of cocaine and argued on appeal that the trial court erred in denying her motion to suppress the evidence because the officer lacked a reasonable suspicion to stop her. This Court agreed, reversed the denial of the motion to suppress, vacated the defendant’s conviction and sentence, and remanded the matter. In reaching this conclusion, this Court found support in the fact that the officer was unsure of any criminal activity and the specific basis he articulated as the justification for the stop was to obtain the identity of the driver. The Court also noted that the officer had not witnessed a hand-to-hand transaction and found that, despite his testimony that the observed conduct was consistent with a narcotics deal, he did not articulate any basis to believe that the defendant was committing, had committed, or was about to commit an offense. In addition, the Court pointed out there was no evidence that this area or the apartment complex was a known drug or high crime area. State v. Gagnon, 817 So.2d at 171.
Similarly, in State v. Washington, 03-1134 (La.App. 5 Cir. 2/10/04), 866 So.2d 1058, this Court found there was no reasonable suspicion to justify a stop where the basis for the stop amounted to an officer’s determination that the observed conduct was consistent with narcotics activity. In Washington, narcotics officers were conducting surveillance of a residence where other officers had witnessed narcotics transactions. During the surveillance, an officer observed a blue pickup truck approach the front of the residence. A passenger, later identified |9as the defendant, exited the truck, entered the residence briefly, returned to the truck, and departed. Officers followed and initiated a stop of the truck, which turned up heroin in the defendant’s possession.
The defendant subsequently pled guilty to possession of heroin and argued on appeal that the trial court erred in denying his motion to suppress the evidence because his actions of entering and exiting a residence under surveillance for drug activity, without more, did not provide offi *378 cers with a reasonable suspicion necessary to conduct an investigatory stop of the vehicle. This Court agreed, reversed the denial of the motion to suppress, and vacated the defendant’s conviction and sentence.
In reaching this conclusion, this Court determined that an individual’s “mere presence at a residence about to be searched pursuant to a warrant or near a high crime area, without more, does not provide the police with reasonable suspicion based upon articulable facts to make an investigatory stop.” This Court noted that the detectives did not offer any testimony that the defendant acted suspiciously or unusually. Their testimony merely established that the defendant briefly entered and exited a residence under surveillance for drug activity. State v. Washington, 866 So.2d at 1062-63.
In State v. Williams, 11-0466 (La.App. 4 Cir. 9/28/11), 74 So.3d 1208, writ denied, 11-2324 (La.1/20/12), 78 So.3d 142, the Court found, looking at the totality of the circumstances, that the police officers lacked reasonable suspicion to stop the defendant, and therefore, the cocaine abandoned by him during the stop was required to be suppressed. In the Williams case, defendant and his brother were stopped in the early evening across the street from an apartment complex that had been the scene of several criminal incidents and which was posted with “no trespassing” signs. The defendant and his brother were standing on the sidewalk |1flengaged in conversation, and defendant had his hands in his jacket pockets. The officers then approached the brothers, and the two discontinued their conversation. The defendant’s brother exercised his right not to speak with the officers and apparently placed his hands in his jacket pockets as he walked away. In finding that the police officers lacked reasonable suspicion, the Fourth Circuit noted, “It is difficult to conclude that the brothers’ actions — standing on the sidewalk and talking to each other, even if they had their hands in their pockets — reasonably could have led the officers to believe that the brothers were engaged in a purported armed robbery or any other type of criminal activity.” Id. at p. 1216.
Likewise, in the instant case, we find that the police officers lacked reasonable suspicion at the time they stopped defendant. At the suppression hearing, Detective McCormick testified that his attention was drawn to defendant’s vehicle when an individual on a bicycle approached the driver’s side door and engaged in a brief conversation with defendant while he was stopped at a stop sign. Thereafter, the two relocated to a driveway in the 3100 block of Tifton Street. The individual on the bicycle dropped his bike and entered the passenger side of the car. During his testimony, the officer admitted that he did not see any transaction between defendant and the individual on the bicycle. He further testified that he did not observe any illegal activities. Rather, he made the stop based on his experience that the observed conduct was “extremely consistent with a drug transaction.” At the suppression hearing, there was no testimony that this was a high crime area, nor was there any indication that this area was under surveillance for narcotics activity. Based on the totality of the circumstances, we find that Detective McCormick’s observation of activity that was “extremely consistent with a drug transaction,” by itself, did not establish reasonable suspicion to justify the lnStop. As a consequence, the stop of defendant and the subsequent seizure of cocaine were unconstitutional.
Accordingly, we reverse the trial court’s ruling denying the motion to suppress evidence, vacate defendant’s guilty plea and *379 sentence, and remand this matter to the trial court for further proceedings.

REVERSED AND REMANDED.