JOHNSON,, J.,
dissents with reasons.
hi, respectfully, dissent from the majority opinion in this matter because I am of the opinion that Plaintiff, Lloyd Richard, met his burden of proving that he sustained injuries during his transport by the St. James Sheriffs Department (“St. James”) on January 26, 2008, and had damages resulting from that incident.
At trial, Mr. Richard[1] presented his testimony stating that he incurred neck and back injuries from the accident. In support of his claims, Mr. Richard presented a medical request form that showed he had, at least, a lumbar sprain and a sprained neck as a diagnosis from Dr. Carl Poche. The history and physical exam portion written by 'Dr. Poche detailed that Mr. Richard was in a motor vehicle accident on January 26, 2008, and he developed neck and back pain.
In an attempt to discredit Mr. Richard’s evidence, St. James presented testimony from Deputy Heria Williams that the victim of Mr. Richard’s criminal case stated that she pushed him onto the floor diming their encounter. However, Dep. Williams also testified that he did not observe any injuries to Mr. Richard from that encounter with the victim. St. James also elicited testimony froni Mr. Richard that he had been |Pinvolved in a prison' fight some years prior to the accident at-issue. But, St. James did not present medical evidence that correlated Mr.' Richard’s neck and back injuries with the prison fight; During that line of questioning, Mr. Richard was insistent that the fight did not cause his neck and back injuries. Additionally, St. James had Mr. Richard testify that he had fallen several times during his time as a boxer. Again, St. James , failed to present any medical evidence of injuries that could have occurred to Mr. Richard through his boxing career, and Mr. Richard was adamant that his injuries were not resultant of his boxing career, • ,
In a personal injury action, the plaintiff must prove by a preponderance of the evidence that the claimed injuries resulted from the accident at issue. . Tamayo v. Am. Nat’l Gen. Ins. Co., 14-130 (La.App. 5 Cir. 9/24/14); 150 So.3d 459, 467, citing Harrington v. Wilson, 08-544 (La.App. 5 Cir. 1/13/09); 8 So.3d 30, 38-39. If the medical testimony. establishes that it is more probable than not-that subsequent injuries were caused by..the-trauma suffered in the incident, the burilen of .proof is satisfied. Id, A. presumption-of causation will aid á plaintiff in meeting this burden, if before the accident, the injured person was in good health, but, commencing with the- accident, the- symptoms of the disábl- *280 ing condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be reasonable possibility of a causal connection between the accident and the disabling condition. Id., citing Housley v. Cerise, 579 So.2d 973 (La.1991). To rebut this presumption, the defendant must show that some other particular incident could have caused the injury in question. Id.
In this matter, Mr. Richard met his burden of proving by a preponderance of the evidence that he sustained neck and back injuries |sfrom the January 28th accident. His testimony recounted the accident and how he was injured. The medical documentation Mr. Richard presented corroborated that his injuries were sustained as a result of the accident. At that point, the law supported a ruling in favor of Mr. Richard. Although the trial court found there were multiple causes of Mr. Richard’s neck and back pain, there was absolutely no evidence (medical or otherwise) presented by St. James that those other possible causes were attributable to Mr. Richard’s injuries. The failure to present any evidence that correlated the other possible causes to Mr. Richard’s injuries means that St. James failed to rebut the presumption his injuries were sustained during the accident. It also means that the trial court committed a legal error by considering those other causes, ignoring Mr. Richard’s evidence, and concluding that Mr. Richard failed to meet his burden of proof. Moreover, even assuming that Mr. Richard had sustained injuries from other incidents, the accident would have been an aggravation of his previous injuries. Thus, he would have still been entitled to an award in his favor.
Therefore, for the foregoing reasons, I would find that the trial court erred in finding Mr. Richard failed to meet his burden of proving causation for his injuries.

. I note that Mr. Richard represented himself during the trial.