JUDE G. GRAVOIS, Judge.
I ¡After pleading guilty pursuant to State v. Crosby,[1] reserving appellate review of the trial court’s ruling on his motion to suppress evidence, defendant, Thomas Callahan, Jr., has appealed. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On December 26, 2007, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession “in excess of 200 to 400 grams” of cocaine in violation of La. R.S. 40:967(F).[2] Defendant pled not guilty to this charge on January 7, 2008. Thereafter, defendant filed a motion to suppress evidence.[3] A hearing on the motion was held on April 5, 2010.
| ⅞At the hearing, Trooper Mark Fonte-not of the Louisiana State Police testified that information had been received from a confidential informant (“Cl”) in October of 2007 regarding drug trafficking in Metairie that involved an individual later identified as defendant. The Cl stated that a white male known as “Tommy” had called him and said he wanted to sell him about half a kilo of cocaine for $8,000. The Cl described Tommy as being approximately six feet tall and weighing approximately 200 to 225 pounds. The Cl told officers that Tommy would be arriving in a gray Chevy Silverado pick-up truck with a New Orleans Saints football team decal on the back window on a certain date with a quantity of cocaine he expected to sell to a legitimate purchaser. The Cl also told officers that the truck would be followed by a Pontiac (believed to be a G-6) with dark, tinted windows. The Cl said Tommy would drive to the parking garage of the Hampton Inn located near Causeway and Veterans Boulevards, and that there would be a black male waiting behind a vehicle to meet with him when he arrived.
On October 7, 2007, officers set up surveillance in the garage, and Trooper Willie Palmer, who was undercover as the purchaser that Tommy was expecting to meet, waited at the back of a vehicle in the garage. The Pontiac and the truck both arrived at garage’s entrance. The Pontiac turned around without entering and went to the Shell Station at the corner of Causeway and Veterans. Defendant entered the garage, drove the truck up to the garage’s second floor, and then drove up next to Trooper Palmer. At this point, Trooper Palmer observed cocaine in a plastic bag in plain view inside of the truck on top of its front center console. Seconds after this, Trooper Fontenot and other officers got defendant and the passenger out of the |4truck and arrested them. Defendant was arrested and advised of his Miranda[4] rights; the passenger was arrested by later released.
After his arrest, defendant was taken to the Troop B State Police office in Kenner where he signed a Department of Public *1261 Safety and Corrections Statement of Rights form. This form was introduced into evidence. Defendant initialed next to each right he was waiving on the form. Defendant indicated that he understood his rights, wanted to answer questions, and had not been threatened or promised anything in exchange for his answers. In his handwritten statement, defendant wrote that he spoke to “Deuce” regarding a contact, “Casey,”[5] who buys cocaine. Defendant explained that Deuce put him in contact with “Mike D” to purchase a half kilogram of cocaine. Defendant said that he picked up $8,000 from Casey to purchase the cocaine. Defendant explained that when the cocaine was brought back to Casey, it was learned that the cocaine was “short” of the expected weight. Defendant was told by Casey to take the narcotics back to where it came from and to swap it back for the money.
Trooper Fontenot testified that there was a passenger in the truck with defendant at the time he was arrested. He described this black male passenger as a “source” of information who was “brokering the deal.” He explained that this person was not “documented” as an informant, but instead was just someone who provided information to them and was a “confidential source.” Trooper Fontenot testified that the Cl was not in the garage where the transaction was supposed to take place, but explained that the passenger in the truck was a friend of the CL Trooper Fontenot testified that the passenger knew the cocaine was in the truck before the truck arrived at the garage because the passenger had seen it and had called the Cl while they were driving. Trooper Fontenot testified that both Isdefendant and the passenger were arrested in the garage. However, Trooper Fon-tenot also testified that passenger’s arrest was a sham done in order to protect the passenger’s identity. Trooper Fontenot stated on the record that he did not know the identity of the passenger.
Defense counsel requested that the State furnish the name of the passenger in defendant’s truck, noting that the defense had a right to call him as a witness. The trial judge questioned defense counsel about whether defendant knew the identity of his passenger. In response, defense counsel explained that this person was provided to defendant by the CL The State argued that this was a separate issue from the purpose that they were there for on that date. Defense counsel argued however that the passenger should be a witness in the hearing.
The State provided, for the record, that the state trooper did not know the identity of the passenger who was in defendant’s truck and suggested that defendant was in the best position to know the identity of the passenger who was with him. The State added that defendant was entitled to know the identity of the passenger, but the state trooper did not know his identity. The State further argued that defendant did not have a right of confrontation of lay witnesses until trial, explaining that defendant did not have the right to call or cross-examine the State’s lay witnesses in a pretrial phase. However, the State agreed that defendant had a right to call the passenger as a witness at trial and assured the defense that it would ask the state trooper to make some investigation as to the passenger’s identity. The State specifically provided the following: “We may not know, but as an officer of the court, if I find out the name, I will give it” to defense counsel. The trial judge told the State to make the inquiry. The trial judge granted defense counsel’s request to leave the *1262 hearing open and rule after receiving defense counsel’s ^memorandum, but noted that he believed the evidence supported that the motions would be denied.
On May 24, 2010, defendant filed a “Post-Hearing Memorandum,” noting that at the conclusion of the suppression hearing, the court held the matter open for him to file a memorandum addressing the issue of whether the name of the confidential source, ie., the passenger, who took part in the drug transaction should be provided to defendant in connection with the motion to suppress the evidence. In this memorandum, defendant argued that the passenger was a material witness and active participant who would not be protected by the “informer’s privilege.” He argued that since the passenger’s name was material as to the search in the matter, it should be disclosed prior to the conclusion of the suppression hearing.
The State filed a response memorandum in which it explained that it already provided on the record that it would disclose the passenger’s identity if it became known and agreed that the passenger was an essential witness whom the State would like to call as a witness at trial. The State argued that defendant was in the best position to reveal the name of his passenger and that it could not be ordered to produce information it did not have and that was not in the possession of law enforcement.
At a hearing on June 22, 2010, defense counsel sought a ruling on its motion requesting the State to furnish the name of the passenger. The trial judge ordered the State to disclose the identity of the person if and when it became aware of that information. At the urging of defense counsel, the trial judge told the State to check with the police officer as to the identity of the passenger. The State responded by stating on the record that it had already done so and that the officers did not know the identity of the passenger. The trial judge said it would order the |7State to disclose the passenger’s identity if it was discovered. Defense counsel added that this information was not discovery, rather the passenger was a material witness to the transaction with respect to the motion to suppress. The trial judge stated that the State had made it clear that if at any point in the future it identified the individual by his full name or address, it would provide the defense with that information. Defense counsel then argued that it was asking the court to order the State to comply with its affirmative duty to find out the name of the passenger. The trial judge responded stating that the State knew its requirements under the law and that until the defense could show some affirmative evidence that the State was not meeting its affirmative duty, the court would not order the State to do anything further. The State responded that it would speak to the police officers again, but out of concern for the passenger’s safety, it wanted to revisit the issue if the passenger’s name became available to the State. The trial judge then found that defendant’s rights had been protected and denied defendant’s motion to suppress the evidence and statement.
On August 4, 2010, in response to defendant’s request, the trial judge issued written reasons for judgment. In his reasons, the trial judge wrote that because the State informed the court and the defense that neither the district attorney nor the State Police possessed the passenger’s identity, that defendant’s request for the State to reveal the name of its confidential source (the passenger) was moot. The judge further wrote that the motions to suppress evidence and statement were denied because after hearing the testimony of the officer on April 5, 2010, he believed *1263 defendant’s constitutional rights were protected.
On November 7, 2011, defendant withdrew his plea of not guilty and pled guilty as charged pursuant to State v. Crosby, supra. During the colloquy, defense counsel expressed that his Crosby plea allowed defendant to appeal the trial court’s [ «ruling on the motion to suppress. In conformity with the plea agreement, defendant was sentenced to ten years imprisonment at hard labor. The next day, the trial court clarified that defendant’s sentence was to be served without the benefit of parole, probation, or suspension of sentence.
Defendant filed a “Notice of Appeal and Designation of Record” on November 16, 2011. In this notice, defendant provided that he was appealing the judgment on his motion to suppress evidence that was heard on April 5, 2010. On January 26, 2012, the trial court signed an order granting defendant’s appeal.

ASSIGNMENT OF ERROR

Defendant argues on appeal that the district court’s refusal to compel the State to produce the name of the person who was arrested with defendant, ie., the passenger, violated his right to confront the passenger and resulted in an injustice to defendant and to the judicial guarantee of a fair trial. He contends that the State’s failure to surrender this information prejudiced his case, since the disclosure was necessary for him to show that he was not guilty of the offense, and prevented him from presenting his entrapment defense. He explains that he wanted to present an entrapment defense by showing that he did not have a pre-disposition to commit the offense, but was encouraged to do so by the State’s unknown agent. Defendant claims that the State’s explanation that it could not provide the defense with this information gave defendant the overall impression that his conviction was inevitable and he was lulled into a misapprehension as to the strength of the State’s case, resulting in basic unfairness and leaving him with no option other than to plead guilty. Defendant requests that this Court reverse the ruling denying his motion to suppress.
[sThe State responds that defendant is presenting a different argument on appeal than he reserved for review under Crosby. The State contends that defendant reserved his right to appeal the motion to suppress; however, on appeal he now argues that the lack of information violated the confrontation clause and denied him the ability to present an entrapment defense. The State contends that defendant is limited on appeal to the grounds he articulated at the trial court and a new basis for the claim cannot be raised for the first time on appeal. Nevertheless, the State argues that defendant cannot prevail on the merits.
A review of the record indicates that although defendant frames his arguments on appeal in the context of the motion to suppress ruling, the focus of his arguments relates to the failure of the State to disclose the identity of the passenger. At the hearing on June 22, 2010, the trial court decided defendant’s motion to compel the State to provide the name of the truck’s passenger and then decided defendant’s motion to suppress. The transcript shows that the trial court ordered the State to turn over the passenger’s identity if and when the State obtained that information. Defense counsel then asked the trial court to order the State to again investigate the identity of the passenger. The State responded by stating that it had asked the police officers multiple times if they knew the identity of the passenger and the officers did not. Considering this, the trial court denied defense counsel’s request to *1264 order the State to comply with its affirmative duty to investigate and disclose the identity of the passenger. The trial court reasoned that such an order was not necessary because there was no showing that the State was not already complying with its duty. After these rulings, the trial court determined that defendant’s rights were adequately protected and that the evidence did not provide grounds to grant defendant’s motion to suppress; it therefore denied defendant’s motion to suppress.
hoThis Court considers defendant’s assignment of error to the extent it argues that defendant was prejudiced by the State’s failure to identify the passenger. We find this issue is preserved for appellate review because the State’s stated reason for non-disclosure formed a basis for the trial court to deny defendant’s motion to suppress. Here, the only action of the trial court adverse to defendant was the trial court’s refusal to order the State to comply with its affirmative duty to reasonably investigate and disclose the identity of the passenger.
The law is well settled that the State is under no duty to turn over evidence it does not have. State v. Butler, 08-662, p. 14 (La.App. 5 Cir. 5/26/09), 15 So.3d 1091, 1100, writ denied, 09-1513 (La.3/5/10), 28 So.3d 1004; State v. McGinnis, 04-1286, p. 22 (La.App. 5 Cir. 10/6/05), 917 So.2d 471, 485, writ denied, 05-2469 (La.4/28/06), 927 So.2d 283. Even when the State does not possess or have knowledge of evidence, the prosecution is not necessarily absolved of its responsibilities; this is because the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government’s behalf in the case. State v. Louviere, 2000-2085 (La.9/4/02), 833 So.2d 885, 896 (citing Kyles v. Whitley, 514 U.S. 419, 437, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)).
Here, defendant did not show that the State had this information, nor that the State could have reasonably obtained this information. Additionally, the prosecution repeatedly attempted to obtain the identity of the passenger. From the record it appears that the prosecution was in good faith and in fact sought the identity of the passenger for its own use at trial. Therefore, the trial court did not err when it refused this request of defendant.
Further, on the merits, we find that the trial court did not err by denying defendant’s motion to suppress evidence. A law enforcement officer may stop and question a person in a public place whom he reasonably suspects is committing, Jj^has committed, or is about to commit a criminal offense. State v. Sam, 08-220 (La.App. 5 Cir. 6/19/08), 988 So.2d 765, 769, writ denied, 08-1984 (La.5/15/09), 8 So.3d 577. Under certain circumstances, an informant’s tip can supply reasonable suspicion to detain and question a person. Generally, the informant’s tip must contain predictive information regarding the future behavior of the reported suspect, and the tip must be corroborated. State v. Francois, 04-1147 (La.App. 5 Cir. 3/29/05), 900 So.2d 1005, 1010.
In this case, defendant had no reasonable expectation that the cocaine on the truck’s center console would be private from the view of a person in the Hampton Inn’s garage. Trooper Palmer plainly saw this cocaine from his vantage point in that garage, a place he had a right to be. Therefore, defendant’s Fourth Amendment rights were not implicated by Trooper Palmer’s seeing of the cocaine. Further, the information State Police received from the Cl predicting defendant’s future conduct which was corroborated by surveil *1265 lance. The Cl’s description of defendant and his vehicle, as well as the description of the vehicle following defendant’s vehicle, were accurate. The Cl stated that defendant would be traveling to a specific location on a specific date with a specific amount of cocaine. After corroboration of this information, there was reasonable suspicion to conduct an investigatory stop.[6] After Trooper Palmer plainly saw the cocaine in defendant’s truck, this reasonable suspicion ripened into probable cause to arrest.
The trial court’s decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Bellow, 07-824 (La.App. 5 Cir. 3/11/08), 982 So.2d 826, 829. Here, the record reflects that the trial court’s denial of the motion to | ^suppress is supported by the evidence presented at the suppression hearing. Accordingly, we find no error in the trial court’s denial of the motion to suppress the evidence.

ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; and State v. Oliveaux, 312 So.2d 337 (La.1975).
The commitment reflects defendant pled guilty to “POSS/WITD CDS OVER 28 GRAMS — COCAINE IN EXCESS OF 200 to 400 GRAMS.” Because the description suggests that defendant pled guilty to possession with intent to distribute cocaine instead of possession of cocaine, we remand this matter for correction of the commitment to accurately reflect the description of the conviction. On remand, the district court is ordered to make the entries in the commitment reflecting this change and direct the Clerk of Court to transmit the original of the minute entry to the officer in charge of the institution to which the defendant has been sentenced and to the Louisiana Department of Corrections Legal Department. See LSA-C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).

CONCLUSION

For the foregoing reasons, defendant’s conviction is affirmed. This matter is remanded to the trial court for the limited purpose of correction and transmission of the commitment as ordered.

CONVICTION AFFIRMED; REMANDED WITH INSTRUCTIONS

. 338 So.2d 584 (La.1976).

. La. R.S. 40:967(F)(l)(b) specifically provides for possession of "two hundred grams or more, but less than four hundred grams” of cocaine.

. On February 7, 2008, defendant filed omnibus motions, including a combination "Motion to Suppress the Evidence, Confession and Identification.” This appeal only involves the trial court’s ruling on the motion to suppress evidence.

.Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Trooper Fontenot testified that Casey was the driver of the Pontiac.

. Although Trooper Fontenot testified that law enforcement officers stopped defendant in his truck on the second floor of the Hampton Inn's garage, he also testified that defendant drove up to the undercover officer. Under these facts, the undercover officer, Trooper Palmer, did not thus conduct a "stop” of the truck because the truck freely came to him without his direction.