STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-141

STATE OF LOUISIANA

VERSUS

WESLEY JAMES MONROE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 133158
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

**JOHN E. CONERY**
**JUDGE**

**********

Court composed of Jimmie C. Peters, John E. Conery, and David Kent Savoie, Judges.

**AFFIRMED.**

**Michael Harson**
**District Attorney**
**15th Judicial District**
**Post Office Box 3306**
**Lafayette, Louisiana 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Wesley James Monroe**

**CONERY, Judge.**

Defendant Wesley James Monroe was indicted for the first degree murder of Thomas Jolivette, a violation of La.R.S. 14:30. On December 21, 2011, the State filed a "Notice of Intent to use Evidence of Other Crimes." A hearing was held on January 5, 2012. Following testimony and argument, the trial court took the matter under advisement. On January 17, 2012, the trial court granted the State's motion and ruled that the evidence of another crime was admissible.

A jury trial commenced on September 23, 2014. On September 25, 2014, Defendant was found guilty as charged. Defendant waived all delays and was immediately sentenced to life imprisonment without the benefit of parole, probation, or suspension of sentence, to be served consecutively with any sentence he was currently serving.

Defendant has perfected a timely appeal wherein he alleges that the trial court erred when it permitted the introduction of other crimes evidence. For the following reasons, we affirm Defendant's conviction for first degree murder.

## FACTS

On November 6, 2010, at approximately 9:30 p.m., Defendant and codefendant, Jermain Ason, kidnapped the victim, Thomas Jolivette, as the victim was entering his truck in downtown Lafayette. After forcing him into the passenger seat at gunpoint, Defendant drove the victim's truck to a Chase Bank branch located on the intersection of Cameron Street and University Avenue and attempted to get the victim to use his ATM to withdraw money. When the victim could not or would not reveal a pin number, Defendant shot him in the head as they were exiting the bank parking lot. The victim died as a result of the gunshot wound. The two men drove a short distance to a grocery store, where they pushed

the victim's body out of the truck. Eventually, they pushed the truck into a coulee. Defendant was ultimately identified by the DNA he left in the truck.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

On appeal, Defendant asserts, "The trial court erred in admitting other crimes evidence."

## DISCUSSION

Defendant argues that his case was unfairly prejudiced when the trial court permitted other crimes evidence to be presented to the jury. In brief, Defendant asks whether "it [is] necessary to prove identity, intent, preparation, and plan, especially as the state already had Jermaine Monroe [sic] and Kerry Christopher as witnesses, DNA evidence from the victim's truck, and the gun used in the crime which was found with Monroe?"

Louisiana Code of Evidence Article 404, in pertinent part, provides:

> **B. Other crimes, wrongs, or acts.** (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident[.]

Furthermore, La.Code Evid. art. 403, provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.

2

In *State v. Declouet*, 09-1046, p. 21 (La.App. 5 Cir. 10/12/10), 52 So.3d 89, 104, *writ denied*, 10-2556 (La. 4/8/11), 61 So.3d 681, the fifth circuit stated:

> The trial judge determines whether evidence is "relevant by deciding whether it bears a rational connection to the fact which is at issue in the case." *State v. Scales,* 93-2003 (La.5/22/95), 655 So.2d 1326, 1333, *cert. denied,* 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670 (1996). Additionally, the trial court is given great discretion in determining whether evidence is relevant, and absent a clear abuse of discretion, rulings on relevancy of evidence should not be disturbed on appeal. *State v. Karam*, 02-0163, p. 13 (La.App. 3 Cir. 7/31/02), 834 So.2d 1003 (citing *State v. Anthony,* 98-0406, p. 16 (La.4/11/00), 776 So.2d 376, 387, *cert. denied*, 531 U.S. 934, 121 S.Ct. 320, 148 L.Ed.2d 258 (2000)).

In *State v. Mosby*, 595 So.2d 1135, 1139 (La.1992), the supreme court discussed relevant evidence when considering the admissibility of other crimes evidence as follows:

> Application of [La.Code Evid.] art. 403 requires a weighing and balancing of the probative value of the evidence against the "legitimate considerations of judicial administration" enumerated in that article. In assessing the probative value of evidence a judge should consider factors such as whether there is some connection between the perpetrator of the extraneous crime(s) and the crime at issue and whether the other crimes are of a distinctly similar character, such as a "signature" crime.

At the hearing on the State's notice of intent to submit evidence of another crime, Ben Suire, a detective with the Lafayette Police Department, testified that as he was wrapping up the investigation into the murder of Mr. Jolivette, he was advised by David LeBlanc, a sergeant with the Lafayette Police Department, that the sergeant was investigating an aggravated kidnapping and armed robbery of a victim named Nicholas Babineaux, which occurred about three weeks prior to the murder in question and was very similar in operation. In fact, Defendant had already been arrested on the Babineaux armed robbery and aggravated kidnapping

by the time Detective Suire got a warrant for Defedant's arrest for the murder of Mr. Jolivette.

Sergeant LeBlanc testified that he began investigating the Babineaux robbery and kidnapping on October 13, 2010. He stated that the victim in that case, Mr. Babineaux, went to downtown Lafayette to go to a bar in an area close to where Mr. Jolivette was abducted. As Mr. Babineaux was getting out of his truck, two males approached him, put a gun to his head, and forced him back into the truck. After Sergeant LeBlanc had talked to Detective Suire and learned the Defendant's name from the DNA that had been located in Mr. Jolivette's truck, the sergeant put together a photographic line-up, which included pictures of Defendant and Mr. Ason, the codefendant in the Babineaux case. Sergeant LeBlanc testified that Mr. Babineaux identified Defendant as the robber who drove his truck. Mr. Babineaux was uncertain, but identified two of the pictures as possibly the second robber who sat in the back seat of his truck. One of the pictures was Mr. Ason.

According to Sergeant LeBlanc, in the Babineaux robbery and kidnapping, the two men drove Mr. Babineaux to a Chase Bank branch located on the intersection of Cameron Street and University Avenue. At the bank's ATM, Mr. Babineaux gave them his pin number, but the men were not able to withdraw anything as there were insufficient funds in the account. After they left the bank, Mr. Babineaux was forced out of the truck. However, Mr. Babineaux was able to flag down a police car and a BOLO was put out on his truck. The truck was stopped a short time later. The Defendant escaped, but his identity was confirmed by the DNA located in his jacket that he had left behind in Mr. Babineaux's truck.

4

After considering the evidence, the trial court ruled that the probative value outweighed the prejudicial effect of the evidence in this case. In its ruling, the trial court stated:

> In both cases, the victims were abducted a[t] night within blocks of each other. They were driven up University Street to the same ATM that was more than ten blocks away. Both cases involved a gun. The victims and perpetrators did not know each other. The evidence indicates that each victim was forced into the front passenger seat of his own truck. There is the obvious difference that in one case the victim was shot and in the other he was released. This however could be explained by the fact that one gave his PIN number and the other did not thereby angering the perpetrator. Also, one of the men was almost caught by the police after the first robbery because the released victim was able to report the crime before the truck was disposed of.
>
> The evidence of the Babineaux case is relevant to the contested issue of identity, intent, preparation, and plan. Without the evidence of Babineaux's kidnapping and robbery, the only evidence the State has that identifies Monroe as the perpetrator of Jolivette's robbery and murder is Monroe's DNA on the truck handle and the testimony of his former co-defendant, Ason, whose charges have been reduced to Second Degree Murder and whose credibility may be at issue. The Court finds that the probative value of the evidence outweighs any prejudicial effect that the introduction of the evidence might have.

As the trial court noted, the facts of the November 2010 armed robbery and murder of Mr. Jolivette were distinctly similar to that of the armed robbery and kidnapping of Mr. Babineaux on October 13, 2010. Therefore, we find that the trial court did not err in admitting the October 13, 2010 Babineaux armed robbery and kidnapping evidence.

While we find that the evidence was properly admitted, even if the evidence was not properly admitted, such admission was harmless. *See State v. Ridgley*, 08-675 (La.App. 5 Cir. 1/13/09), 7 So.3d 689, *writ denied*, 09-374 (La. 11/6/09), 21 So.3d 301; *State v. Crandell*, 43,262 (La.App. 2 Cir. 6/18/08), 987 So.2d 375, *writ denied,* 08-1582 (La. 3/27/09), 5 So.3d 139, *and writ denied*, 08-1659 (La.

3/27/09), 5 So.3d 140, *cert. denied*, 558 U.S. 868, 130 S.Ct. 183 (2009). An error is harmless where the verdict actually rendered is surely unattributable to the error. *Crandell*, 987 So.2d 375. Reversal is only required where there is a reasonable possibility that the evidence might have contributed to the verdict. *Ridgley*, 7 So.3d 689.

Defendant argued on appeal that the evidence of the other crime should not have been admitted in light of the DNA of Defendant found in Mr. Jolivette's truck and the testimony of his codefendant, Mr. Ason, that Defendant shot Mr. Jolivette during the armed robbery and kidnapping in question. We agree with Defendant that there was sufficient evidence to convict him without presenting evidence of the other crime. In addition to Defendant's DNA found on the steering wheel of the victim's truck after it was retrieved from the coulee, Defendant was found to be in possession of the gun that killed Mr. Jolivette when he was arrested for the armed robbery and kidnapping of Mr. Babineaux. Initially, Defendant told the police that other persons had stolen Mr. Jolivette's truck, and he and Mr. Ason pushed Mr. Jolivette's truck into the coulee to get rid of it. He stated that Kerry Christopher came and picked the two men up that night and drove them back to Lafayette. Detective Suire testified that Mr. Christopher verified that he did pick up Defendant and Mr. Ason. Mr. Christopher also told the police that when he asked about the truck, he was told that the truck belonged to a man who was tied up in Lafayette and would wake up with a "severe headache."

Finally, there was the codefendant's testimony. Mr. Ason pled guilty to armed robbery, kidnapping, and manslaughter, convictions resulting from the armed robby, kidnapping of Mr. Babineaux and Mr. Jolivette, and the murder of Mr. Jolivette. He testified that he and Defendant kidnapped and robbed Mr.

Jolivette at gunpoint and that Defendant had shot and killed Mr. Jolivette. At the time of trial, Mr. Ason was serving thirty-five years imprisonment. We find that the jury's verdict was surely not attributable to the introduction of the other crime's evidence. Therefore, any possible erroneous admission of other crimes evidence, the armed robbery and kidnapping of Mr. Babineaux in this case, was harmless.

## DISPOSITION

We affirm Defendant's conviction of first degree murder of Thomas Jolivette.

**AFFIRMED.**